# Ashley v. The State.

## Indictment For Bigamy.

1. *Authority of judge of probate to issue marriage licenses; delegation of.*—The statutory duty of the judge of probate to issue marriage licenses, though ministerial, is a duty involving official and personal discretion, and it cannot be delegated to another (not his regularly appointed and qualified clerk), not authorized by statute to exercise it.

2. *Marriage without license, not followed by cohabitation; invalidity of.*—A marriage solemnized by a justice of the peace, without a license, and not followed by cohabitation, is not valid either as a statutory or common law marriage.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

The appellant, Felix Ashley, was indicted, tried and convicted for bigamy. Exceptions were duly reserved to the rulings of the trial court which are stated and considered in the opinion. The defendant also excepted to the court's refusal to give the following written charge requested by him: "If the jury believe the evidence they will find the defendant not guilty."

J. J. ALTMAN, for appellant.

WM. C. FITTS, Attorney-General for the State, cited *Cotton v. Rutledge*, 33 Ala. 110 ; *Wood v. Farnell*, 50 Ala. 548 ; *Campbell's Admrs. v. Gullatt*, 43 Ala. 68 ; *Beggs v. State*, 55 Ala. 108 ; *Farley v. Farley*, 94 Ala. 503 ; 14 Am. & Eng. Encyc. of Law, 502.

HARALSON, J.—The objection to the introduction of the alleged marriage license, under which the alleged second marriage was solemnized, is based on the proof made by the justice of the peace, who solemnized said alleged second marriage, under the license issued, and who swore to that fact, as well as to the additional facts, that the judge of probate of Henry county did not issue the license under which he solemnized the marriage; and did not know of its issuance, until it was returued executed by him, the justice; that he, the witness had received from the judge a lot of blank marriage licenses, and was told by him to issue them, from time to time,

to parties who might apply to him for them; that he filled in and signed the judge's name to the license, a copy of which was offered in evidence, and this was done without any authority from the judge, except the general authority given him by that officer to issue and sign his, the judge's, name to licenses, to such parties as might apply for them, and that, he was not a clerk of the judge at the time, but a justice of the peace, living at Gordon, in the county of Henry. The court overruled the objection, and admitted the transcript in evidence.

The issuance of a marriage license by a judge of probate is a ministerial and not a judicial act. *Cotton v. Rutledge*, 33 Ala. 110. We are of opinion, however, that the duty of issuing marriage licenses under our statutes by the probate judge, though ministerial, is a duty involving discretion, official and personal, such as the law does not allow to be delegated to another, not authorized by statute to exercise it, as in the case of his regularly appointed and qualified clerk. Code, § 795, as amended by act of 21st Feb'y, 1893; Acts 1892-3, p. 1190.

It was admitted by the State that there was no cohabitation between the defendant and the woman, to whom he is alleged to have been united in marriage under said license, by said justice of the peace, on account of which he was prosecuted for bigamy. Thereupon the defendant by his counsel moved the court to exclude from the jury as evidence the paper purporting to be a marriage license to defendant and the woman therein named, because it was not a valid but a void license, and that "the paper taken in connection with the ceremony performed by Pelt, in view of the admitted fact that there was no cohabitation between the parties, does not constitute such a marriage license, as that a prosecution for this offense can be sustained." This motion should have been granted, and not overruled. The alleged second marriage of defendant having been solemnized by a justice of the peace without a license, and not followed by cohabitation, was not valid either as a statutory or common law marriage.—*Beggs v. The State*, 55 Ala. 108. With the evidence of the second marriage excluded, there remained no evidence on which the defendant could be convicted of bigamy.

The rehearing is granted, the judgment and sentence of the court are reversed, and the cause remanded.

Reversed and remanded.