# Hawkins *v.* Hawkins.

*Bill in Equity to have Annulled the Marriage Contract.*

1  *Marriage; when license not properly issued, and does not authorize solemnization of marriage.*—While the statutory duty of a judge of probate to issue marriage licenses is ministerial, it is nevertheless a duty involving official and personal discretion, and cannot be delegated to another not authorized by statute to exercise such duty; and therefore, where marriage licenses are signed in blank by a probate judge, and delivered to a justice of the peace with directions to fill in the blanks as occasion may arise, the issuance of such licenses by the justice of the peace filling in the names of the parties, and date of its issuance does not constitute a valid marriage license, and furnishes no authority for the solemnization of the marrige between the parties named therein.

2.  *Same; invalid when without license not followed by co-habitation.*—A marriage solemnized by a justice of the peace without a valid license, and which is not followed by co-habitation, is not valid either as a statutory or common law marriage.

3.  *Marriage; jurisdiction of chancery court to annul marriage, contract; duress.*—Where a party is by duress coerced into entering into marriage and the marriage ceremony is had under the supposed authorization of a marriage license, which license was invalid, and there has never been any co-habitation of the parties as man and wife after the ceremony, the person so coerced to enter into such marriage can maintain a bill to have annulled and declared void such pretended marriage.

APPEAL from the City Court of Anniston.

Heard before the Hon. THOMAS. W. COLEMAN, JR.

The averments of the bill in this case are sufficiently set forth in the opinion.

The prayer of the bill was that upon final hearing the alleged pretended marriage between the complainant and the respondent be declared null and void, and that the complainant be allowed to marry if he so desired.

The respondent moved to dismiss the bill upon the following grounds: 1st. That said bill is without equity. 2nd. That the allegations of fact contained in said bill do not constitute any equitable ground for the severance of the marriage bonds between complainant and respondent.

Respondent also demurred to the bill upon several grounds, which may be summarized as follows: 1. The facts averred in the bill do not show any legal duress sufficient to authorize the court to maintain the present bill. 2. The complainant having married the defendant as a means whereby to procure his release from prosecution from the charge of seduction, thereby estopped himself from coming into the court of equity to have said marriage annulled. 3. The facts averred in said bill constitute no sufficient ground of legal duress, and fail to show whereby the complainant was in anywise forced to enter into said marriage. 4. The facts averred in the bill show the marriage license issued to complainant and defendant was issued in a legal and lawful manner.

On the submission of the cause upon the motion to dismiss the bill and upon the demurrers, the chancellor rendered a decree overruling said motion, and the demurrers. From this decree the respondent appeals and assigns the rendition thereof as error.

BLACKMON & GREENE, for appellant.—To constitute legal duress which would avoid a marriage, it does not suffice that the party exhibiting the bill for such purpose, married unwillingly; he must have been forced by fear of bodily harm, so to do.—14 Amer. & E. Enc. of Law, (1st ed.), p. 510; *Stevenson v. Stevenson,* 7 Phila. 386. It is not duress, when a man marries a woman after seducing her to avoid trouble with the overseers of the poor.

[Hawkins v. Hawkins.]

14 Am. & Eng. Enc. of Law, (1st ed.), p. 510; *Jackson v. Winne,* 7 Wend. (N. Y.), 47 to 51.

The appellee having married the appellant to procure his release from the prosecution alleged in said bill, cannot now say that his marriage was involuntary.—*Williams v. State,* 44 Ala. 24.

TATE & WALKER, *contra.*—That a court of chancery has cognizance of such cases without statutory provisions, and the power to decree a marriage, void in its inception, to be so, is certainly beyond the peradventure of doubt. Our court has recognized and followed the English practice.—*Rawdon v. Rawdon,* 28 Ala. 565-567; *Ridgely v. Ridgely,* 25 L. R. A. 804; Stewart on Marriage & Divorce, §§ 139-140; Bishop on Marriage & Divorce, § 226.

It is held in Alabama that the issuance of marriage license is not only ministerial but that it involves discretion, both official and personal, such as the law does not allow to be delegated to another not specifically authorized by statute to exercise it.—Code 1896, § 3372 Acts, 1892-93, p. 1190; *Ashley v. State,* 109 Ala. 48; *Beggs v. State,* 55 Ala. 108.

McCLELLAN, C. J.—Bill filed by Milton Hawkins against Bella Hawkins. Its averments present this case: Milton was under arrest and about to be tried preliminarily on the charge of having seduced Bella. He was innocent of the charge. He was young, a mere boy, and inexperienced. It was proposed to him to dismiss the prosecution and set him at liberty if he would marry the girl. He was advised by the magistrate before whom he had been brought and his trial was to be had that it would be best for him to do this. Thus environed, and pressed and advised, he consented to marry. Thereupon a ceremony of marriage was performed between him and the girl by said magistrate. This ceremony was had under the supposed authorization of a paper in form a marriage license, but which had no legal status as such, having been in part issued by the magistrate himself by filling in the names and date of a license form which had been signed in blank by the judge of probate. There has

never been any cohabitation of the parties as man and wife, nor sexual intercourse since—or even before—the ceremony. Leaving out of view the duress, this was no marriage: The formal apparent solemnization was without license, and hence inefficacious as a statutory marriage; and the formal consent to be man and wife was not consummated into that relation under the common law by cohabitation.—*Ashley v. State,* 109 Ala. 48.

We are of opinion that the chancery court—of course wholly without reference to its statutory jurisdiction to grant divorces—has power to declare the nullity of the performance as a marriage. Had there been a valid license the jurisdiction of chancery to annul the marriage under it is undoubted, being indeed the general jurisdiction of that court to annul contracts into which the complaining party has been coerced to enter. So, too, this jurisdiction would exist to that end had the complainant, moved thereto by the contract he had made under duress, consummated the agreement by cohabitation, assuming there was no statutory marriage. And though there was no license and has been no consummation, the contract of marriage—the undertaking to cohabit—is still extant, so to speak, and nominally subsisting and binding. The marriage might yet be consummated, and such consummation might well result from the moral, or supposed legal constraint of the contract which itself was the product of *duress per minas.* Under these circumstances, the complainant, we think, is entitled to invoke the jurisdiction of chancery to annul contracts induced by duress to a declaration of the nullity of this contract and of the consequent marriage, though only ceremonial. Without resting the jurisdiction at all upon that consideration, the fact that the license is regular and valid on its face, and the fact that a formal ceremony had been with apparent authority certified to the judge of probate, demonstrate the practical importance to the complainant of the relief he seeks. The jurisdiction attaching on the ground of duress, "the fitness and propriety of a judicial decision, pronouncing the nullity of such a marriage, [though no marriage in legal contemplation] is very apparent, and is equally conclusive to

good order and decorum, and to the peace and conscience of the party."

The bill has equity. It is not open to the objections taken by the demurrer. The decree of the city court overruling the motion to dismiss the bill for want of equity and the demurrer must be affirmed.

Affirmed.

TYSON, SIMPSON and ANDERSON, J.J., concurring.