# White v. Hill.

*Bill to Annul Appointment of Administratrix.*

(Decided April 18, 1912.  58 South. 444.)

1. *Executors and Administrators; Appointment; Appeal From; Parties.*—Where two sisters petitioned for the issuance of letters of administration to both or either of them, and for the revocation of letters issued to another person, both were necessary parties to an appeal from an adverse judgment thereon.

2. *Same; Appointment; Conclusiveness.*—Where the right to letters of administration depends upon the relationship of the applicant to the intestate, an adjudication as to the relationship of decedent to the parties in that proceeding, is conclusive, and not subject to a collateral attack.

3. *Same; Grant of Letters; Nature of Proceeding.*—Proceedings for the grant of letters testamentary or of administrations are either in rem or in personam, being in rem so far as the granting creates a repository for the title of the personalty of the deceased owner, and in personam so far as it determines priority of rights, or inclusion within the classes of persons given the rights to take letters by section 2520, Code 1907.

4. *Judgments; Conclusiveness; Persons Concluded:*—For a judgment to operate as a bar or an estoppel conclusive on one sought to be bound, he must have been a party to the suit, or in privity with the party, and possessing the power to make himself a party, of controlling the proceedings, making a defense, and introducing testimony.

5. *Same; Co-Heirs.*—Co-heirs or co-distributees do not claim through or under one another, and hence, a judgment against one is not conclusive against another not a party to the action.

6. *Same.*—An adjudication on a petition for the revocation of letters testamentary and the grant of other letters to the petitioner being a proceeding in personam is binding only on the petitioners, and those in privity with her, and is not a conclusive bar as to the right of petitioner's mother to sue for letters testamentary; the petition having been denied on the ground that applicant was not legally related to the intestate.

7. *Same; Evidence.*—Where complainant sought to establish that she was the surviving widow of the intestate and prayed for removal of the administration into chancery, the evidence examined and

[White v. Hill.]

held insufficient to show that complainant was a party to proceedings by her daughter wherein they sought the revocation of administration issued to another on the estate of intestate, and the issuance of letters to themselves.

8. *Same.*—Where it is sought to show that the present complainant was a party to a former suit, evidence de hors the record was admissible in a subsequent suit for that purpose.

9. *Marriage; Common Law.*—A marriage may be good and valid at common law though not solemnized in official form; it being sufficient if there is an actual and mutual agreement to enter into a matrimonial relation made between parties capable in law of making such a contract.

10. *Same; Validity; Age.*—Where the husband was over seventeen years of age at the time of the consummation of the marriage, the common law marriage was valid, since section 4879, Code 1907, only provides that a man under seventeen is incapable of contracting marriage.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Henrietta White against Fannie Hill individually, and as administratrix of the estate of William White, deceased, to revoke the issue of letters to administratrix, and to remove the estate from the probate to the chancery court. Decree for respondent and complainant appeals. Reversed and remanded.

LEIGH & CHAMBERLAIN, and EDWARD WALSH, for appellant. Neither the first nor the second pleas presented a defense to the bill of complaint as amended. —*Crausby v. Crausby,* 164 Ala. 471; *McCall v. Jones,* 72 Ala. 368; *Gilbreath v. Jones,* 66 Ala. 129; *Haas v. Taylor,* 80 Ala. 459; *McDonald v. Mobile L. I. Co.,* 65 Ala. 358; Code 1907, sec. 4002; *Lange v. Hammer,* 157 Ala. 322; *Henderson v. Holland,* 55 South. 323. The reasoning of the court in rendering a judgment forms no part of the judgment as regards its conclusive effect. —*Ford v. Ford,* 68 Ala. 141; *Haas v. Taylor, supra; Miller v. Hampton,* 37 Ala. 342. Henrietta White was not a party to the proceedings, and hence, not bound thereby.—*Lienkauf v. Hunter,* 76 Ala. 195; *Henderson*

31—176

*v. Holland, supra.* No presumption of appearance will be indulged.—*Hunt v. Ellison,* 32 Ala. 173; *Owings v. Binford,* 80 Ala. 421; Minor 5. She could not exercise her prior right so long as Fannie Hill's letters remained unrevoked.—*Pruett v. Pruett,* 131 Ala. 578. There is no privity between the co-heirs or co-distributees.— 3 Mayf. 1165; 2 Black on Judgments, sec. 565. The mere statement that a decedent was never married contained in an application for a grant of letters to Hill, could not estop the wife and children from asserting to the contrary.—*Miller v. Hampton,* 37 Ala. 342; *Capell v. Ladeno,* 34 Ala. 135. Estoppels must be mutual.—*L. & N. v. Brinkerhoff,* 119 Ala. 609. The burden is on the person asserting the negative when he asserts the illegality of the marriage.—*Weatherford v. Weatherford,* 20 Ala. 548; 4 L. R. A. 102; 1 Bishop Marriage & Divorce, sec. 467. The evidence was sufficient to show a common law marriage.—*White v. Strother,* 11 Ala. 720; 80 N. Y. 1; 57 Am. Rep. 452, and cases cited in note. The presumption being once raised, it will prevail until overcome by evidence or by counter presumptions.—*Moore v. Heineke,* 119 Ala. 635. The averments of the pleas were not proven by the evidence as there was no proof of the decree.—*Hill v. Hudson,* 20 Ala. 284; *Haas v. Taylor, supra.* Appellant was entitled to the relief prayed.—*Tart v. Negus,* 127 Ala. 301.

HAMILTON & THORNTON, for appellee. Having granted the letters, the status of the estate became fixed, and the heirship determined which cannot be afterwards disturbed unless fraud, mistake or error has been done. —*Brock v. Frank,* 51 Ala. 89; *Nelson v. Boynton,* 54 Ala. 376. Certainly the question of marriage was the issue raised in the probate court as well as in the chancery court, and the failure to give notice to the heirs

was not at all fatal.—*Lee v. Brown*, 5 Ala. 495; *Lovett v. Chisholm*, 30 Ala. 88. Under all the facts she is estopped to now complain that letters were improvidently granted.—*Roy v. Segrist*, 19 Ala. 810; 35 Ill. App. 256; 8 La. Ann. 126; 42 Ia. 18; 23 Cal. 354; 37 N. Y. 59; 55 Am. Dec. 650; *Tarlton v. Johnson*, 25 Ala. 300; *Hamner v. Pounds*, 57 Ala. 348; *Chamberlain v. Gaillard*, 26 Ala. 504.

McCLELLAN, J.—William White died, intestate, on May 24, 1909. On June 16, 1909, Fannie Hill filed her petition in the probate court of Mobile county, alleging that intestate was unmarried and without issue, and that she, as his sister, was his sole next of kin and heir at law, and praying her appointment as administratrix of his estate. On June 22, 1909, letters of administration upon the estate of intestate were issued to Fannie Hill. On June 26, 1909, Emma Green and Callie White filed their pettiion, praying the revocation of the letters thus issued and the issuance of letters to them or to either of them. In their petition they alleged that the letters to Fannie Hill were improvidently granted upon false statements in this: that intestate was not married; that he left no heirs at law; that Fannie Hill was the sole heir at law. It was further averred that they were children and heirs at law of the intestate, and so, in consequent of a valid common-law marriage effected between decedent and the mother of the petitioners. On June 28, 1909, Henrietta White filed in the probate court a paper as follows:

"IN RE ESTATE OF WILLIAM WHITE.

"To the Honorable Price Williams, Jr., Judge of Probate:

"Henrietta B. White, hereby represents to your Honor that she is the common law wife of William White,

deceased, having been married to him by agreement at Portland, Dallas County, Alabama, about twenty-four or twenty-five years ago.

"Of this marriage two children were born, Emma and Callie.

"William White died May 24th, 1909, leaving some property, the amount and character of which I am not fully aware.

"I hereby waive my right to administer on his estate, and pray this Honorable Court to take such steps and make such decrees as ought to be made in my behalf.

her

"Henrietta    X    B. White."

mark

"Witness:  Callie White.

"Filed June 28, 1909."

On July 27, 1909, the probate court entered the following order or decree:  "State of Alabama, Mobile County.  Probate Court of said County.  July 27, 1909. Estate of William White, Deceased.—*Emma Green et al. v. Fannie Hill.* This day this cause came on for hearing upon the application of Emma Green and Callie White to cancel the letters of administration heretofore granted in favor of Fannie Hill upon the estate of William White, deceased, issues being joined between the parties, and, after hearing the testimony and the argument of the counsel, the court is of the opinion, and concludes that Emma Green and Callie White are not the lawful heirs and legitimate children of William White, deceased, and are not the heirs at law and next of kin of said decedent, and it is therefore ordered, adjudged, and decreed by the court that the said petition be denied and overruled.  It is further ordered and

decreed that the appointment of Fannie Hill, as administratrix of William White, deceased, was not improvidently made, and that she is now the duly appointed administratrix of said estate. It is further ordered and decreed that the petitioners pay the costs of this proceeding for which let execution issue."

From this decree an appeal was prosecuted to this court "in the name of Callie White, by her guardian ad litem, alone." The appeal was dismissed for the want of proper parties appellant, it being ruled that the decree was joint, against Callie White and Emma Green, "rendered upon a petition filed by them," and Callie White alone prosecuted it.—*Walsh v. Hill*, 169 Ala. 410, 53 South. 746. On November 22, 1910, Henrietta White filed this bill against the administratrix, Hill, alleging, among other things, that she was the surviving widow of William White, deceased, and praying the removal of the estate of the decedent into, and its final settlement in, the chancery court of Mobile county. To this bill the respondent (the administratrix) interposed pleas, wherein it is set up, in substance, that the before-quoted decree of the probate court bindingly determined upon Henrietta White the fact that she was not the wife, or surviving widow, of William White. By her answer the administratrix denied that Henrietta White was the widow of William White, deceased, and also denied that she was a distributee of his estate. It is too evident to admit of doubt that the construction taken in *Walsh v. Hill* of the decree of July 27, 1909, was and is correct. The question there raised and decided involved the matter of necessary parties to an appeal, and not the broader inquiry, now pressed, whether Henrietta White is estopped by that decree. It is, of course, readily conceivable that one may be

bound by decree on collateral assailment, and yet not a necessary party to an appeal therefrom.

Those concluded by a judgment or decree are thus defined in *Powell v. Robinson & Ledyard*, 76 Ala. 423, 425: "In order that a judgment may operate a bar, or an estoppel conclusive on the party sought to be bound, he must have been a party to the suit, or in privity with a party, or have possessed the power of making himself virtually a party in the larger legal sense, having a right to control the proceeding, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies. Where there is privity of relation, as bailor and bailee, it is sufficient if the party voluntarily appears and makes defense, or has an opportunity to present and litigate his claim.—*McLelland v. Ridgeway*, 12 Ala. 482; * * * *Tarleton v. Johnson*, 25 Ala. 300 [60 Am. Dec. 515]."

There is no such privity between coheirs or codistributees as will operate to give a judgment or decree against one heir or distributee an effect to estop those heirs or distributees not parties to the proceeding leading to the judgment or decree whereby those not parties to that proceeding are sought to be bound.—2 Black on Judg. § 565; *Blackburn v. Crawford*, 3 Wall. 175, 190, 18 L. Ed. 186; *Kearney v. Denn*, 15 Wall. 51, 57, 21 L. Ed. 41. Such persons (coheirs or distributees) do not claim through or under one another, thus omitting an essential factor in order to establish the binding quality of privity.—23 Cyc. pp. 1277, 1278.

The grant of letters testamentary and of administration are in more important aspects proceedings in rem; and in others are proceedings in personam.—*Nelson v. Boynton*, 54 Ala. 368, 376. In the particular that the grant of letters creates a repository of the abeyed title of the deceased owner of personal property, it operates

upon the status, the thing, and is, hence, a proceeding in rem.—*Nelson v. Boynton, supra*. But in the aspect that the grant of letters of administration determines the right thereto, including priority, or inclusion within one of the classes defined in Code, § 2520, the proceeding is in personam. In *Blackburn v. Crawford, supra,* and *Kearney v. Denn, supra,* it was expressly ruled that a fully jurisdictioned determination that a brother who resisted as defendant the grant of letters was not next of kin to the decedent did not bind, in any degree, his sister who was not a party to that proceeding. Indeed, it was there held that the record of the proceedings to which the brother was a party was not admissible in the subsequent proceedings. If the initial proceeding there considered had been in rem, or even in that nature, the conclusion stated could not have prevailed. In *Martin v. King,* 72 Ala. 354, 360, definition of a proceeding in rem is given. The application thereof to the matter in hand accords with the ruling of the Supreme Court to which reference has been made.

It has come to be accepted law that where the right to letters of administration of an estate depends upon relationship to the intestate (Code, § 2520), and that question is investigated and determined by a court generally jurisdictioned in the premises, and the letters are granted accordingly, that adjudication is conclusive, as to relationship to the decedent and as to the right to distribution, upon parties to that proceeding, and the judgment therein cannot be collaterally assailed in another forum.—*Caujolle v. Ferrie,* 13 Wall. 465, 20 L. Ed. 507; *Bouchier v. Taylor,* 7 Brown's Parliamentary Cases, 414-432; *Barrs v. Jackson,* 1 Phillips (Eng. Ch. Rep.) 581; 7 Rose's Notes, pp. 740, 741. Greenleaf, at section 550, makes this statement of the doctrine: "* * * If the grant of administration turned upon

the question as to which of the parties was next of kin, the sentence or decree upon that question is conclusive everywhere in a suit between the *same parties* for distribution." (Italics supplied.)

No reason appears for a distinction where the issue arises upon the application to grant letters and where the application is to revoke a grant already made, and which is assailed, in the granting court, as improperly granted.—*Martin v. King, supra.* The rule of estoppel, if arising, must be the same in each instance. The proceeding resulting in the decree of July 27, 1909, not being in rem, and there being no relationship establishing privity between Emma Green and Callie White, on the one hand, and Henrietta White, on the other, and no relation of bailment existing between them, the single question in this regard is, Was Henrietta White a party to that proceeding, to revoke the letters granted to Fannie Hill, within the other phase of the doctrine of *Powell v. Robinson, supra?*

That she was not a party to the record, and was not treated as such, convincingly appears from the silence as to her of the decree of July 27, 1909, and from the fact that the paper waiving her right (if so) to letters of administration filed by her was so filed two days after Emma Green and Callie White had invoked the court to revoke the letters to Fannie Hill. Additionally the court's construction of the decree excluded Henrietta White as a record party to the proceeding.— *Walsh v. Hill, supra.*

Evidence de hors the record of the proceedings wherein revocation of the letters to Hill was sought to show the connection of Henrietta White with that proceeding was admissible.—*Tarleton v. Johnson,* 25 Ala. 300, 60 Am. Dec. 515. Consulting such evidence as appears in this record, it does not appear that she was a party in

[White v. Hill.]

the larger sense to which reference is made in *Powell v. Robinson, supra.* She was a witness in the case and later engaged the same counsel who represented her children. That she had or exercised the privileges of control defined in *Powell v. Robinson is by no means shown.*

Under the evidence before us, a common-law- marriage was accomplished by William and Henrietta before his removal to Mobile. The requisites thereof are thus stated in 26 Cyc. at pages 836, 837: "To constitute a marriage good and valid at common law—that is, in the absence of a statute otherwise specifically providing—it is not necessary that it should be solemnized in any particular form or with any particular rite or ceremony. All that is required is that there should be an actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract, consummated by their cohabitation as man and wife or their mutual assumption openly of marital duties and obligations." See, also, *Beggs v. State,* 55 Ala. 108; *Ashley v. State,* 109 Ala. 48, 19 South. 917; *Hawkins v. Hawkins,* 142 Ala. 571, 38 South. 640, 110 Am. St. Rep. 53.

If, at that time, William was a minor, that fact did not render the creation of the common-law relation of marriage impossible or void.—*Beggs' Case, supra;* 26 Cyc. pp. 842, 843; Code, § 4879. The evidence indicates with satisfactory clearness that he was over 17 years of age at the time.

The decree appealed from is reversed; and the cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded. All the Justices concur.