(90 South. 493)

## DAVIDSON v. DAVIDSON.    (6 Div. 298.)

(Supreme Court of Alabama.   Oct. 20, 1921.)

**Marriage ⬅═50(5)—Evidence held insufficient to prove common-law marriage.**

In divorce action by alleged common-law wife, evidence *held* insufficient to prove existence of common-law marriage in that it showed that defendant believed, while living with plaintiff, that she was the wife of another man.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Bill by Mrs. B. P. Davidson against J. F. Davidson for review of decree denying complainant divorce and alimony. From a decree denying relief the complainant appeals. Affirmed.

Edgar Allen, of Birmingham, for appellant.

The evidence raised the presumption of a valid common-law marriage between the parties. 175 Ala. 532, 57 South. 714; 201 Ala. 482, 78 South. 388; 119 Ala. 627, 24 South. 374; 159 Ala. 254, 48 South. 713; 50 La. Ann. 587, 23 South. 540; 18 R. C. L. 429. The bill was sufficient as a bill for review. 2 Stew. & P. 417; 130 Ala. 237, 29 South. 855; 79 Ala. 319; Simms, Chan. Prac. 640.

Gibson & Davis, of Birmingham, for appellee.

Counsel discuss the evidence, with the insistence that the court properly denied the relief, but cite no authority in support thereof.

SOMERVILLE, J. This proceeding is by a bill of review to correct the alleged error of a former decree between these parties; the equity of the bill resting upon its allegation of newly discovered testimony, with an appropriate showing as to its nature and effect, and a sufficient negation of negligence on the part of complainant as to its seasonable discovery and production. Allgood v. Bank of Piedmont, 130 Ala. 237, 29 South. 855; Banks v. Long, 79 Ala. 319.

The decree sought to be reviewed was rendered in 1917 by the circuit court of Jefferson county, in equity, and denied relief to the complainant herein in a proceeding by her for divorce and alimony, wherein she represented that she had been the wife of one Vitter, of New Orleans, and that, after she had established illicit relations with this respondent she secured a divorce from Vitter, and then continued to live with respondent in the relation of husband and wife with such intention and under such circumstances as to effect a common-law marriage.

The showing now made is that the adverse decree in the original cause was due solely to complainant's failure to prove that she had obtained a divorce from Vitter, thus leaving a fatal impediment in the way of her alleged marriage to respondent, which, it is alleged, was otherwise satisfactorily shown, but that she has since discovered, what she then had no reason to suspect, that during her cohabitation with Vitter he had another lawful living wife, and hence that she was never his lawful wife, and could therefore establish a legitimate marriage relation with respondent.

We have examined all of the evidence with painstaking care, and we are not reasonably satisfied that complainant's originally meretricious relations with respondent were ever converted by their mutual understanding, or intention, or agreement, into the status of a common-law marriage.

The record shows that complainant has been guilty of testifying with flagrant falsity when it appeared to serve her interests, and such an impeachment renders her testimony in general too untrustworthy to be accepted.

Our judgment is inclined to the conclusion that respondent believed that complainant was the wife of Vitter, and that this belief was never dislodged from his mind. On this theory of the case, it seems more probable that the superficial simulation of the marriage state, so far as it was manifested to the few people who observed the relations of the parties, was intended as a cloak to disguise an illicit relation, rather than as a genuine expression of matrimonial design and achievement. There is much in the testimony to confirm this view, apart from the rather decisive inference that must be drawn from her deliberate settlement of all claims against him by an instrument of writing dated June 9, 1915 (after his alleged abandonment of her), for a consideration of $3,075, and executed by her under the name of "B. Pumphrey," following a preliminary agreement to that effect, dated May 26, 1915, signed "Bell Pumphrey," by her authorized attorney. Complainant's explanation that she was crazy when she signed those documents is not satisfactory, and must be rejected.

The law of this case, which has been ably presented by counsel for appellant, has been fully stated and discussed in Prince v. Edwards, 175 Ala. 532, 57 South. 714, and need not be restated here. Suffice it to say that a proper application of these principles to the facts before us does not lead to a conclusion favorable to complainant.

Let the decree of the trial court be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes