142 So. 526

## ROGERS v. McLESKEY.

7 Div. 85.

Supreme Court of Alabama.

June 9, 1932.

McCord & McCord, of Gadsden, for appellant.

Jas. D. Giles and Cullie, Hunt & Cullie, all of Gadsden, for appellee.

THOMAS, J.

The question of fact before the court, and determined adversely to petitioner, appellant here, was whether Sarah Rogers was the widow of decedent.

■ The judgment was final against petitioner, and she was taxed with the costs; said judgment was appealable. Section 6114, Code; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Awbrey v. Estes, 216 Ala. 66, 112 So. 529.

The right of homestead and exemption by the alleged widow of decedent, after she had filed an alleged dissent as widow from the will, was the question of fact presented. Appellant's counsel reduce the issues to this: Petitioner avers that she is the widow of A. E. Rogers; the appellee avers "she was not the widow, thus making this one point a matter of proof." The hearing before the judge of the probate court was on oral evidence, and he denied the petition, dismissed the same, and taxed the alleged widow with the costs.

■ The finding of the judge of probate on evidence ore tenus is like the verdict of a jury, and will not be disturbed by reviewing that tribunal, except for grounds which would warrant the setting aside of a verdict of the jury. Darrow v. Darrow, 201 Ala. 477, 78 So. 383; Hagood v. Spinks, 219 Ala. 503, 122 So. 815; Andrews v. Grey, 199 Ala. 152, 74 So. 62, and many authorities.

■ Did the trial court apply the law to the facts in holding that appellant was not the widow of decedent Rogers? The decisions are that marriage may be contracted in this state by parties competent to so contract without ceremony or solemnization, by mutual and actual agreement and consent by the parties capable in law to that marriage relation, permanent and exclusive of all others, followed by cohabitation as man and wife and their mutual assumptions openly of marital duties and obligations. Moore v. Heineke, 119 Ala. 627, 24 So. 374; Tartt v. Negus, 127 Ala. 301, 308, 28 So. 713; Herd v. Herd, 194 Ala. 613, 69 So. 885, L. R. A. 1916B, 1243; White v. Hill, 176 Ala. 489, 58 So. 444; Ashley v. State, 109 Ala. 48, 19 So. 917; Hawkins v. Hawkins, 142 Ala. 571, 38 So. 640, 110 Am. St. Rep. 53; Beggs v. State, 55 Ala. 108; Woodward Iron Co. v. Dean, 217 Ala. 530, 532, 117 So. 52, 60 A. L. R. 536; Walker v. Walker, 218 Ala. 16, 117 So. 472; Wall v. Williams, 11 Ala. 826.

In Fuquay v. State, 217 Ala. 4, 9, 114 So. 898, the cases are collected, the usual presumptions discussed, and the conclusion announced from the cases to the effect that "there are no absolute presumptions against the continuance of the life of one party to a marriage or of the dissolution of the first marriage in order to establish the innocence of the other party to a subsequent marriage, but in each case the question is one of fact, to be determined, as any other question, on a consideration of the facts and inferences therefrom," on the authority of Mr. Freeman's note, as follows: "* * * There is no unbending presumption in favor of a second marriage or of the innocence of the par-

ties, but, on the contrary, that the decision of any particular case must rest on its own attending facts and circumstances. Moreover, it is believed that little force should be given this artificial presumption in order to meet the exigencies of a given case." 89 Am. St. Rep. 206.

In Walker v. Walker, 218 Ala. 16, 117 So. 472, 473, is the observation from Turner v. Williams, 202 Mass. 500, 89 N. E. 110, 24 L. R. A. (N. S.) 1199, 132 Am. St. Rep. 511, by Mr. Chief Justice Rugg, that no presumption is conclusive as to the validity of the marriage status, that the case is to be "determined according to common sense aided to what extent it may be by the presumptions involved."

The case of Fuquay v. State, supra, further states, from Williams v. State, 151 Ala. 108, 111, 44 So. 57, and Moore v. Heineke, 119 Ala. 636, 24 So. 374, that " 'on an issue of marriage vel non, evidence of co-habitation and general, uniform reputation, and of the declarations and conduct of the parties while living together, holding themselves out to the world as man and wife, is admissible, and that these facts raise a prima facie presumption of marriage, which will prevail until overcome by evidence or neutralized by counter presumptions.' "

The decision by Mr. Chief Justice Anderson in Darrow v. Darrow, 201 Ala. 477, 478, 78 So. 383, 384, established the rule that the petitioner or rival claimant was not "precluded by the exception contained in section 4007 of the Code of 1907 [section 7721, Code 1923] from testifying as to her marriage with the decedent and the facts connected therewith, for the effect of same did not diminish the assets of his estate, or fasten a liability upon same, as the issue involved a contest merely between rival claimants to take or share in the distribution of the said estate under the law. Nolen v. Doss, 133 Ala. 259, 31 So. 969; Kumpe v. Coons, 63 Ala. 448; Henry v. Hall, 106 Ala. 101, 17 So. 187, 54 Am. St. Rep. 22; Snider v. Burks, 84 Ala. 58, 4 So. 225."

■ The evidence was in conflict, or there were reasonable inferences therefrom as to the intention of the parties, when the whole course of their relations or conduct is considered, aside from the fact that their original cohabitations were unlawful. The burden of proof rested upon petitioner appellant. Owens v. Betts, 219 Ala. 604, 122 So. 811.

■ The general principle is that reasonable presumptions are in favor of marriage, there being no impediment to lawful matrimony; yet such presumptions may be overcome by proof that the relations in their origin were illicit and unlawful, and this is presumed to continue until there is proof to the contrary, that is clear and strong, (Prince v. Edwards, 175 Ala. 532, 57 So. 714; Fuquay v. State, 217 Ala. 4, 114 So. 898; White v.

Hill, 176 Ala. 480, 489, 58 So. 444; Williams v. Wilson, 210 Ala. 289, 291, 97 So. 911; Banks v. State, 96 Ala. 78, 11 So. 404; Davidson v. Davidson, 206 Ala. 493, 90 So. 493, L. R. A. 1915E, 80 note, 91 et seq. note), that the continued relations were intended by the parties to be lawful.

■ It is further established by our decisions that the conduct and declarations of the cohabiting parties during the time are admissible as a part of the res gestæ of the cohabitation, and illustrate the intention and act. Moore v. Heineke, 119 Ala. 637, 24 So. 374; Buchanan v. State, 55 Ala. 154, by Stone, J.; Fuquay v. State, 217 Ala. 4, 8, 114 So. 898; Langtry v. State, 30 Ala. 536; Williams v. State, 54 Ala. 131, 25 Am. Rep. 665; Cameron v. State, 14 Ala. 546, 48 Am. Dec. 111; Fortner v. State, 12 Ala. App. 179, 181, 67 So. 720; Mickle v. State (Ala. Sup.) 21 So. 66; and by the collective facts, Bynon v. State, 117 Ala. 82, 23 So. 640, 67 Am. St. Rep. 163.

The questions of fact were determined by the court without a jury, and upon the testimony of witnesses given viva voce, and will be adjudged within the rule that obtains as to such findings of fact and judgment. The answer of Mr. Rogers and his evidence given in the suit for alimony are considered in pari materia, and with all the other evidence for a disclosure of the intent of the parties during the long relations and changing legal status. Henry v. White (Ala. Sup.) 140 So. 391; Richardson v. State, 204 Ala. 124, 85 So. 789; Ex parte E. C. Payne Lumber Co., 203 Ala. 668, 85 So. 9; Callan v. McDaniel, 72 Ala. 96; Birmingham Electric Co. v. Wood, 222 Ala. 103, 130 So. 786. See intention in former testimony in Rice v. Park, 223 Ala. 317, 135 So. 472.

Before a discussion of the facts we may observe that it was relevant to show that, when appellant began cohabitation or intercourse with deceased, she knew he had a living wife, and that he was not divorced therefrom. These facts were important, illustrating the intention of the parties as to the intimate relations of marriage and illicit intercourse. Prince v. Edwards, 175 Ala. 532, 57 So. 714; Drawdy v. Hesters, 130 Ga. 161, 60 S. E. 451, 15 L. R. A. (N. S.) 190.

The vital question is whether appellant was testator's wife when he died on May 14, 1930. If so, as widow dissenting from his will, her petition for exemptions should have been granted.

■ In North Carolina testator married Altha Martin; they lived together, reared children, and separated without divorce prior to 1899, and never lived together as man and wife again. That wife died in 1914. In the year of their separation (1899) illicit sex relations had begun by and between appellant and testator, and they moved to Alabama

City in this state in 1906; lived in the same house, procured and provided by Mr. Rogers, and they lived therein as a home, with his legitimate child by the wife Altha, and with her legitimate children by another, and with an illegitimate child of the two. And in 1909 or 1910, as appellant testifies, they were married by a justice of the peace in another state, though no document or record of the marriage was in evidence. This is immaterial, for the alleged marriage, if attempted by consummation, was void for that he had no divorce from his lawful wife then in life. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Hines v. Hines, 203 Ala. 633, 84 So. 712; McCaig v. State, 16 Ala. App. 581, 80 So. 155; 38 C. J. 1294, § 45.

Appellant insists that, after the death of the first wife, Altha Rogers, she and the testator lived together as husband and wife from 1915 to some time in 1926, when she separated from him, but that they were never divorced, and that, from this long relation as husband and wife and the respective holding of themselves out to the public as man and wife for such period, under the rule of the common law governing such relation, she was the common-law wife of Mr. Rogers, and the widow after his death in 1930.

■ ▮▮ It is established in this jurisdiction that (after the death of Altha Rogers in 1914) appellant and testator were competent to contract marriage, regardless of the past relations of the parties. What transpired between the parties prior to the death of Altha Rogers cannot be relevant, except as it may shed light upon the intent of their relations thereafter. Appellant admits she knew in 1899, when their illicit relations began, that the said Altha was still the wife of said Rogers, and as late as 1906 she tried to get him to return to his wife. And appellant says that in 1911 she left him, for the reason she feared they were living in adultery. No matter what testator had told her about being free from his wife and the alleged marriage in another State in 1909 or 1910, it is evident that the relations of the parties prior to Altha's death in 1914—the relations of Rogers and appellant—were illicit. This fact was not changed by their holding themselves out to the public as man and wife.

▮▮ It is further clear that, after the death of Altha in 1914, appellant (in 1915) returned to said Rogers, and that they lived together as man and wife for over ten years thereafter. She testified that, when she went back, it was understood that their relations were to be those of husband and wife; that such were their relations, in the family, community, and to the public. It is not denied that this status continued until she left him in 1926. On the latter date they were husband and wife under the common-law rule,

and the abandonment of the husband in 1926 did not change their relationship as that of husband and wife. That is to say, the preponderance of the evidence shows that testator held her out to the public as his wife; that she was generally so considered; that even the appellee, in 1924 or 1925, wrote to her as "Mother"; that appellee was absent from home most or a great part of the time after the death of her mother, Altha, and until the death of Mr. Rogers.

Testator's answer to appellant's bill for alimony, filed in 1928, admitted that they had lived together as man and wife in Alabama for about twenty years; that she left him in 1926; and charged that she was guilty of voluntary abandonment from bed and board for two years.

▮▮ In the light of this evidence, we can reach no other conclusion than that the relation, after the death of Altha until the death of Mr. Rogers, was that of man and wife, and that the trial court was in error.

The decree is therefore reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.