173 So. 41

## LONG v. DOEGG et al.

### 7 Div. 378.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 18, 1937.

Savage & Savage, of Centre, for appellant.

Irby A. Keener, of Centre, for appellee.

ANDERSON, Chief Justice.

Generally speaking, the finding of the judge of probate, on evidence ore tenus, is like the verdict of a jury and will not be disturbed upon a review of that tribunal, except for grounds which would warrant the setting aside of a verdict of a jury.

638

Rogers v. McLeskey, 225 Ala. 148, 142 So. 526, and other cases cited by counsel for appellee. These cases, however, did not deal with cases like the one at bar, that is, involving the setting aside of the report of a duly appointed commission setting aside the exemptions to the widow and the fixation of the value of the homestead, and, while as held in the case of Foote v. Foote, 224 Ala. 394, 140 So. 603, the report of the commission being ex parte, is not entitled to the same force and effect as the finding of a register or a jury after hearing the evidence of both parties, yet they had the advantage of viewing the premises and making their report under oath, and the burden of proof was on the exceptor to overcome the valuation so fixed by the commission by clear and convincing evidence.

After a careful consideration of all the evidence and giving due weight to be awarded the conclusion of the trial court, we think the weight of the legal evidence supported the valuation of the homestead as fixed by the commission and that the exceptors did not meet the burden cast on them of showing that it was wrong by clear and convincing evidence.

The trial court erred in sustaining the exceptions to the report of the commission, and the decree of the probate court is reversed, and one is here rendered overruling the exceptions, and the case is remanded for such further orders as may be necessary to confirm the appellant's right and title to the homestead.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.