185 So. 741

**CAVIN et al. v. CAVIN et al.**

**7 Div. 533.**

Supreme Court of Alabama.

Feb. 9, 1939.

Savage & Savage, of Center, for appellants.

Reed & Reed, of Center, for appellees.

THOMAS, Justice.

Taylor B. Cavin died as a result of an injury sustained by falling from a building on October 21, 1935.

On October 28, 1935, J. W. Cavin, his brother, was appointed administrator of the estate upon his application to that end, and in which said petition, the said J. W. Cavin failed to name the widow and daughter as heirs of the estate. The regular proceedings were had until appellants filed their bill of complaint in which they claimed to be the widow and daughter of decedent, and petitioned that the administration be transferred to the Circuit Court in Equity of Cherokee County. The transfer was directed on March 5, 1936, on the application filed February 14, 1936.

Testimony was taken at length as appears from the voluminous record and submission had. These appellants, as shown

by "note of testimony and of submission for decree", did not know of the double case submission until the decree was rendered. They were not submitting for the objectors Jud Cavin, Ott Cavin and Lauch Cavin. The submission and action as to the other matter is of no concern to these appellants, unless the main issue in this case is decreed in their interest, viz., that they are the widow and legitimate daughter of T. B. Cavin, deceased.

It results from the pleading and evidence that appellants claim that the one is the widow and the other the legitimate daughter of T. B. Cavin, deceased. Respondents (appellees) claim they are not such widow and daughter. That is to say, from the vast amount of testimony taken, objections and exceptions, the important issue is, Can there be a common law marriage and does the testimony in this case establish such as affecting appellants?

■ The question of law, touching the issues of fact for decision in this case, has long been settled in this jurisdiction. The testimony was not given ore tenus, but before a commissioner or stenographer agreed upon by the parties, and the findings of fact are not supported by the presumptions of verity that obtain when testimony is taken and given in open court by the judge rendering the final decree based on such testimony. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Rogers v. McLeskey, 225 Ala. 148, 142 So. 526; Farmer v. Coleman, 231 Ala. 527, 165 So. 778; Long v. Doegg, 233 Ala. 637, 173 So. 41; Town of York v. McAlpin, 232 Ala. 158, 167 So. 539.

■ It follows that the review of equity conclusions on facts is practically de novo, where evidence was not taken ore tenus before the court. Woodward Iron Co. v. Dean, 217 Ala. 530, 117 So. 52, 60 A.L.R. 536; Fannin v. Trotter, 215 Ala. 17, 109 So. 102; Wade v. Miller, 208 Ala. 264, 93 So. 905; Code, § 10276.

■ In Rogers v. McLeskey, 225 Ala. 148, 142 So. 526, 527, the authorities are collected sustaining the rule "that marriage may be contracted in this state by parties competent to so contract without ceremony or solemnization, by mutual and actual agreement and consent by the parties capable in law to that marriage relation, permanent and exclusive of all others, followed by cohabitation as man and wife and their mutual assumptions openly of marital duties and obligations. Moore

v. Heineke, 119 Ala. 627, 24 So. 374; Tartt v. Negus, 127 Ala. 301, 308, 28 So. 713; Herd v. Herd, 194 Ala. 613, 69 So. 885, L.R.A.1916B, 1243; White v. Hill, 176 Ala. [480], 489, 58 So. 444; Ashley v. State, 109 Ala. 48, 19 So. 917; Hawkins v. Hawkins, 142 Ala. 571, 38 So. 640, 110 Am.St.Rep. 53; Beggs v. State, 55 Ala. 108; Woodward Iron Co. v. Dean, 217 Ala. 530, 532, 117 So. 52, 60 A.L.R. 536; Walker v. Walker, 218 Ala. 16, 117 So. 472; Wall v. Williams, 11 Ala. 826:"

■ It is further established that the right of the widow to testify to the marriage is not denied by the statute. Nolen v. Doss, 133 Ala. 259, 31 So. 969; Darrow v. Darrow, 201 Ala. 477, 78 So. 383; Rogers v. McLeskey, supra.

■ It is further established that the general reputation and common report in the immediate neighborhood, as well as in the families of the parties, is admissible to show affiliation and legitimacy. Martin v. Martin, 233 Ala. 310, 171 So. 734.

■ Hearsay evidence of ancestry, family history and tradition, as affecting a deceased relative, may be shown within the rule that obtains, to establish paternity, descent, relationship, birth, marriage and death, and the date or the time of the respective events may be given in evidence. Duncan v. Watson, 198 Ala. 180, 73 So. 448; Jarvis v. State, 220 Ala. 501, 126 So. 127; Martin v. Martin, supra.

In Martin et al. v. Martin, 233 Ala. 310, 171 So. 734, it was stated: "As declared in the recent case of Williams et al. v. Dent [233 Ala. 109], 170 So. 202, 203: 'Since the passage of the act of 1915 (Gen.Acts 1915, p. 594; Sec. 10336 Michie's Code), it has not been the policy of this court to enter into a detailed discussion of the evidence (Caples et al. v. Young et al., 206 Ala. 282, 89 So. 460), nor would it here serve any useful purpose.' This course will be pursued in the instant case, as to a discussion of the voluminous evidence adduced."

We have carefully considered the evidence, and are of the opinion, and hold, that the decree of the trial court is free from error. It is unnecessary to decide the other questions presented since the issues of fact, as to whether appellant was the common law wife of decedent Cavin and her child was or had been legitimatized by the act of the decedent father, determine them.

■ The prayer of the bill was that the court "adjudge that the complainant Fannie Miller Cavin is the widow of T. B. Cavin, deceased, and as such is entitled to have a homestead carved out of the lands of the said T. B. Cavin, deceased, and that Gladys Cavin Bridges is the daughter of T. B. Cavin, deceased, and Fannie Miller Cavin, and as such is entitled to inherit and has an interest in the lands and property composing the estate of the said T. B. Cavin: * * * ."

Said portion of the bill was denied by the court in the following language:

"It is further ordered, adjudged and decreed by the Court that neither Fannie Miller Cavin as she terms herself nor Gladys Cavin Bridges have any right, title, or interest in the estate of said T. B. Cavin, deceased, as they are neither the wife nor legitimate child of said T. B. Cavin, deceased, and that their bills, petitions, interventions and interpleaders be and the same are hereby dismissed out of this Court, and it is further ordered, that said Fannie Miller Cavin and Gladys Cavin Bridges be and they are hereby taxed with all the costs of the attendance of their witnesses before the Register and this Court on the issues made by their pleadings and proofs herein."

The action of the trial court in denying the prayer of each of said appellants is free from error and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.