17 So.2d 162

**CAMPBELL et al. v. RICE.**

**8 Div. 227.**

Supreme Court of Alabama.

Jan 13, 1944.

Rehearing Denied March 23, 1944.

Bradshaw & Barnett, of Florence, for appellants.

W. A. Barnett, of Florence, for appellee.

LIVINGSTON, Justice.

On a former appeal of this cause, a decree in favor of complainant in the court below was reversed, because complainant failed to file note of testimony on submission. See, 244 Ala. 144, 12 So.2d 385. After remandment, the testimony was properly noted and the cause again submitted. The second submission also resulted in a decree in favor of complainant, and from that decree respondents perfected this appeal.

As stated in the opinion reported in 244 Ala. 144, 12 So.2d at page 385, "this was a statutory bill to quiet title filed by Hueston Clay Rice under Section 9905, Code of 1923 (Section 1109, Title 7, Code of 1940), against Mrs. Nannie Campbell and Mrs. Allison White.

"The bill alleges that complainant is the owner and in peaceable possession of the property described in the bill; that he is the son of Young Clay Rice by a common-law marriage to Margaret E. Rice; that Young Clay Rice died on the 21st day of August, 1924, at which time he was the owner of and in peaceable possession of said property; that complainant was and is the only child of Young Clay Rice; that the respondents claim some title or interest in said lands; that no suit is pending to enforce or test the validity of such title; and the respondents are called upon to show the nature and extent of their claim or title so that such claim or title may be adjudicated by the court."

The answer of respondents, and which is made a cross-bill, alleges that they, together with Nora Crump and Barney B. Rice, are the owners of the lands described in the bill, as tenants in common, in that they are the children of a deceased brother and sister of Young Clay Rice; that complainant, Hueston Clay Rice, is not the son of Young Clay Rice by a common law marriage to Margaret E. Rice. Complainant, Nora Crump and Barney B. Rice were made cross-respondents. Decrees pro confesso were entered against Nora Crump and Barney B. Rice. Complainant filed a general denial to the cross-bill.

There is but one question presented for review: Did the trial court correctly determine the issues of fact in favor of Hueston Clay Rice, complainant in the court below?

The testimony was not given ore tenus, but was taken before the register on deposition, except the deposition of Margaret E. Rice, which was taken before a commissioner in the state of Michigan. Therefore, the findings of fact are not supported by the presumptions of verity that support the findings of the trial judge on testimony given ore tenus. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Rogers v. McLeskey, 225 Ala. 148, 142 So. 526; Farmer v. Coleman, 231 Ala. 527, 165 So. 778; Long v. Doegg, 233 Ala. 637, 173 So. 41; Town of York v. McAlpin, 232 Ala. 158, 167 So. 539; Cavin et al. v. Cavin et al., 237 Ala. 185, 185 So. 741.

"Marriage may be contracted in this state by parties competent to so contract without ceremony or solemnization, by mutual and actual agreement and consent by the parties capable in law to that marriage relation, permanent and exclusive of all others, followed by cohabitation as man and wife and their mutual assumptions openly of marital duties and obligations. Moore v. Heineke, 119 Ala. 627, 24 So. 374; Tartt v. Negus, 127 Ala. 301, 308, 28 So. 713; Herd v. Herd, 194 Ala. 613, 69 So. 885, L.R.A.1916B, 1243; White v. Hill, 176 Ala. 480, 489, 58 So. 444; Ashley v. State, 109 Ala. 48, 19 So. 917; Hawkins v. Hawkins, 142 Ala. 571, 38 So. 640, 110 Am.St.Rep. 53; Beggs v. State, 55 Ala. 108; Woodward Iron Co. v. Dean, 217 Ala. 530, 532, 117 So. 52, 60 A.L.R. 536; Walker v. Walker, 218 Ala. 16, 117 So. 472; Wall v. Williams, 11 Ala. 826." Rogers v. McLeskey, 225 Ala. 148, 142 So. 526, 527; Cavin et al. v. Cavin et al., 237 Ala. 185, 185 So. 741.

The controlling question here is one of considerable difficulty. We do not hesitate to find and hold that complainant, Hueston Clay Rice, is the son of Young Clay Rice, deceased, and Margaret Johnson Rice. The events determinative of the existence of a common law marriage between Young Clay Rice and Margaret Johnson Rice all took place more than sixty years ago. With the exception of the testimony of Margaret Johnson Rice, who is now over eighty years of age, the question of marriage vel non must be determined from the testimony of witnesses who, in the main, were young in years when the events and things testified to transpired. The evidence is voluminous and conflicting.

In the case of Cavin et al. v. Cavin et al., supra [237 Ala. 185, 185 So. 742], quoting Martin et al. v. Martin, 233 Ala. 310, 171 So. 734, it was said: "As declared in

the recent case of Williams et al. v. Dent, 233 Ala. 109, 170 So. 202, 203: 'Since the passage of the act of 1915 (Gen.Acts 1915, p. 594; Sec. 10336 Michie's Code [Code 1940, Tit. 13, § .66]), it has not been the policy of this court to enter into a detailed discussion of the evidence (Caples v. Young, et al., 206 Ala. 282, 89 So. 460), nor would it serve any useful purpose.' "

We have carefully studied and considered all of the testimony, and have reached the conclusion that Young Clay Rice and Margaret Johnson Rice did enter into a common law marriage about the year 1881, and that Hueston Clay Rice is the legitimate son of that marriage.

The decree of the trial court is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.