# Pittman *v.* Pittman.

*Action in the Nature of Action of Ejectment.*

1. *Adverse possession for ten years gives title.*—Where two coterminous owners of lands agree that a certain road shall be the dividing line between them, one to own all the land west and the other all east of the road, and they go into possession of their respective portions under the agreement and each holds thereunder adversely for ten years he thereby acquires

[Pittman v. Pittman.]

an indefeasable title to his portion of the land, and nothing short of a conveyance by him, or the adverse possession of some one else for the period of ten years can divest the legal title out of him.

2. *Responsive answer to question not objected to; not excluded.*—Where an interrogatory is propounded to a witness and it is not objected to by the adverse party, the answer thereto if responsive will not be excluded on motion of such adverse party.

3. *Admissions against interest; admissible.*—Where the ancestor of plaintiffs suing in ejectment, through whom they claim, had made statements in his life time to the effect that the defendant owned the land sued for, under an agreement between them, the statements are competent evidence as admissions against interest by the plaintiffs' ancestor tending to establish the existence of the agreement as contended for by the defendant and the possession of the land by each under it.

4. *Conversation; whole may be called for, when.*—On re-direct examination a defendant may call for the whole of a conversation after a portion has been brought out by plaintiffs on cross-examination.

5. *Adverse possession; may be question for the jury.*—It was a question of fact in this case for the jury, under all the evidence, to determine whether the acts of ownership exercised by the defendant over the woodland constitute adverse possession by him.

APPEAL from Randolph Circuit Court.

Tried before B. B. BRIDGES, ESQ., Special Judge.

This was a statutory real action brought by W. W. Pittman and others against William A. Pittman to recover possession of certain real property. The facts are sufficiently stated in the opinion. Charges one and two refused to plaintiffs are as follows: 1. "If the jury believe the evidence they will find for the plaintiff for all the unenclosed woodland in the disputed land." 2. "The cutting of timber on unenclosed woodland without anything to define the extent of the alleged claim is not alone such evidence of ownership as to amount to possession adverse to the true owner." Charge B given to the defendant is as follows: "If the jury believe from the evidence that the defendant had prior to 1889 been in open, notorious and continuous possession of the land in suit claiming to own it for more than ten years, and did not during said time recognize the title or ownership

of any one else of said land, then the jury should return a verdict for the defendant whether the defendant recognized title in the plaintiffs in the fall of 1889 and subsequently or not." Charge E. given to defendant is as follows: "If the jury find from the evidence that W. A. Pittman in 1889 or 1890 abandoned his claim to land in dispute, but that before such abandonment he had acquired title to the land by adverse possession, such abandonment would not defeat his title, they must find a verdict for him unless such abandonment continued for ten years." The other charges given to defendant were of like import.

SAM'L HENDERSON, for appellant.—Charges 1 and 2 should have been given to the plaintiffs.—*Dothard v. Denson,* 72 Ala. 541; *Burks v. Mitchell,* 78 Ala. 61; *Green v. Jordan,* 83 Ala. 220; *Ross v. Goodwin,* 88 Ala. 390.

SMITH & SMITH, *contra.*—The charges given to the defendant assert correct principles of law.—*Jones v. Williams,* 108 Ala. 282; *L. & N. R. R. Co. v. Hurt,* 101 Ala. 34; *Miller v. State,* 110 Ala. 69. (2). Charge 2 refused to plaintiffs is abstract, and suggests a portion only of the evidence, and is also confusing and misleading.—*L. & N. v. Hurt, supra.*

TYSON, J.—It was admitted before entering upon the trial that plaintiffs' father in 1864 purchased and became the owner of the southeast quarter, the east half of the northwest quarter and the west half of the northeast quarter of section six, township twenty-one, range thirteen in Randolph county; and that shortly after he purchased it, he sold to the defendant, the west half of the northeast quarter and the east half of the southeast quarter of this tract, putting him in possession. The evidence without dispute showed that the southeast quarter of the tract was traversed by the Rock Mills and High Shoals road which entered this quarter section at the northwest corner and extended across it in a southeasterly direction, not exactly in a straight line, going out at a point a little north of the southeast corner of

said tract.  The controversy here is over that portion
of the southeast quarter lying east of this road in the
west half of the said southeast quarter.  The contention
of the defendant is that shortly after his purchase from
the plaintiffs' father, who was his brother, it was agreed
between them that the road should be the line between
their lands.  In other words, he was to have that por-
tion of the west half of the southeast quarter of the sec-
tion lying east of the road, and his brother to have that
portion of the land conveyed to him lying south and west
of this road.  There was testimony offered by him tend-
ing to establish this agreement and the possession by
each of them of the lands in pursuance thereof.  Prac-
tically this was the only issue in the case.  Upon this
issue there was a conflict in the testimony; the testimony
offered by the plaintiffs tending to show no such agree-
ment and no possession by the defendant of the lands in
controversy, while that offered by the defendant tended
to show his actual possession of the lands in controversy
for more than ten years uninterruptedly under this
claim of ownership, and acts of ownership exercised by
the plaintiffs' father over that portion of the lands con-
veyed to defendant by him lying south and west of this
road.

It is too well settled to need citation of authorities,
that if such an agreement was made and the defendant
went into the actual possession of the lands under it
and remained in possession uninterruptedly and ex-
clusively, claiming to own them for ten years, that his
title became an indefeasible one and nothing short of a
conveyance by him of the land or the adverse possession
by the plaintiffs or some one through whom they claim
for a period of ten years, could divest the legal title out
of him.—*Tenn. Coal, I. & R. Co. v. Linn,* 26 So. Rep. 245.
The burden of proof was of course upon the defendant
to show title by adverse possession; after this was done,
it was then upon the plaintiffs to show a divestiture of
title out of him.

What we have said is sufficient to determine the cor-
rectness of the rulings of the court in the admission and
exclusion of testimony to which exceptions were re-
served, and the giving of written charges requested by

the plaintiffs and the refusal of certain written charges to the defendant.

The first assignment of error is based upon the refusal of the court to exclude the answer of a witness responsive to the question asked, no objection having been interposed to the question. This statement is sufficient to show the want of merit of the assignment.—*Coppin v. State*, 26 So. Rep. 333 and authorities there cited. But independent of this, the evidence was competent as an admission against interest by the plaintiffs' ancestor, tending to establish the existence of the agreement as contended for by the defendant and the possession of the lands by each under it.

We find no merit in the second assignment.

The third assignment relates to the action of the court in allowing the defendant to ask upon re-direct examination for the whole of a conversation after a portion had been brought out by plaintiffs upon a cross-examination. This was clearly permissible.

The fourth assignment is disposed of in what we have said in reference to the first assignment.

The fifth and sixth assignments go to the refusal of the court to exclude testimony to effect that the defendant owned lands, north of the lands in dispute and that plaintiffs' father owned lands on the east side of the Rock Mills and High Shoal road. This testimony was only a statement of an admitted fact in the case and no possible injury could result from its introduction.

The plaintiffs had offered in evidence a conversation between W. W. Pittman and the defendant in relation to the land in controversy. J. D. Pittman was introduced as a witness by defendant in rebuttal, who testified that he was present and heard the conversation. The seventh assignment of error is based upon an objection by the plaintiffs to the testimony of this witness, "because W. W. Pittman never testified that J. D. Pittman was present at the conversation, but that he was not present." It was a question for the jury to determine whether or not he was present; there was absolutely no merit in the objection.

The other assignments relate to the giving and refusal to give certain charges.

Charges one and two refused to the plaintiff are clearly upon the weight of the evidence and were properly refused. It was a question of fact for the jury, under all the evidence, to determine whether the acts of ownership exercised by the defendant over the woodland constituted an adverse possession by him.

Charges "A," "B," "C," "D," and "E" given at the request of the defendant asserted correct propositions of law and were supported by the tendencies of the evidence in the facts hypothesized in each of them.—*Jones v. Williams*, 108 Ala. 282.

Guided by the rule laid down in *Cobb v. Malone*, 92 Ala. 630, we find no error in the overruling of plaintiffs' motion for a new trial.

Affirmed.

Dowdell, J., not sitting.