# Higgins Mfg. Co., *v.* Pearson.

## *Assumpsit.*

(Decided April 10, 1906. 40 So. Rep. 579.)

1. *Contracts.; Building Contracts; Construction.*—A contract by which plaintiff agreed to construct and place for defendant certain wire screens and doors, payment to be made "on satisfactory completion of the work," means that satisfaction required as a condition of payment related to the manner of the execution of the contract, and not to the satisfaction or dissatisfaction of defendant with his selection of the materials to be furnished and the work to be done.

[Higgins Mfg. Co. v. Pearson.]

2. *Same.*—Under a contract providing for payment "on satisfactory completion of the work," the party cannot capricious reject the work, but his dissatisfaction must be in good faith and for good cause shown.

3. *Same: Substantial Performance.*—Where, by the terms of the contract, the screen and door wire were to be bronze wire fitted with Laramie checks, and bronze hardware, and it appeared that the wire furnished was steel wire "bronzed", worth only about one-fifth as much as bronze wire, and that the hardware was bronzed, and the checks supplied were not Laramie checks, there was not such a substantial compliance with the contract as to enable the contractor to recover on it.

4. *Work and Labor: Building Contracts; Non-performance; Acceptance.*—The contractor may recover on the common counts for work and materials furnished, where there has been no abandonment of the contract without good cause, although the contract was not completed, if, either expressly or impliedly, the owner of the building accepted the work.

5. *Same; Non-acceptance.*—Under a contract requiring the furnishing and fitting in of certain screens where the screens furnished and fitted did not comply with the contract, and the owner repeatedly requested the contractor to remove them, which the contractor failed to do, no duty rested on the defendant to remove them and his failure to remove them did not constitute an acceptance so as to entitle the contractor to recover for materials furnished and work done, in furnishing and fitting in the screens.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

This was an action begun by Higgins Mfg. Co., against R. H. Pearson to recover the sum of $250. The complaint contained the common counts and a special count setting out a contract and declaring on a breach of it. The pleas were the general issue and as to the sixth count the plea of *non est factum.* The facts are sufficiently stated in the opinion of the court.

STERLING A. WOOD, for appellant.—The defendant could not retain the benefit of the part of the contract performed and refuse to pay anything.—*Florence Gas Co. v. Handley,* 101 Ala. 15. Plaintiff was entitled at least to recover what the work done was reasonably

34

worth and for the price of the materials used.—*Bell v. Teague,* 85 Ala. 211. The court should not have permitted testimony showing what Pearson said to Mr. Miller, as its tendency was to vary the express terms of the contract.—*Drennen v. Satterfield,* 119 Ala. 84; 24 So. 723; *Pettus v. McKinney,* 76 Ala. 108; *Mobile v. Pruett,* 74 Ala. 487; 3 Mayfields Dig. p. 565 (f) 3; *Phillips v. Longstreet,* 14 Ala. 337.

SHARPE & MILLER, for appellee.—The word satisfactory as used in the contract must be understood as meaning satisfactory to the defendant.—9 Cyc. 620; *Campbell v. Thorpe,* 1 L. R. A. 645. Acceptance to have authorized recovery must amount to a voluntary appropriation of the property by the defendant. The fact that the screens remained in does not constitute or show such appropriation or acceptance.—*Arnes v. Windham,* 131 Ala. 513. As a general rule where there is an express contract, the plaintiff can not resort to an implied one.—*Jones v. King,* 81 Ala. 285; *Beedle v. Graham,* 93 Ala. 470; *Anderson v. English,* 121 Ala. 272; *Stafford v. Bibley,* 106 Ala. 186.

TYSON, J.—On the 25th day of January, 1904, plaintiff and defendant in the court below entered into a contract by which the plaintiff was to furnish the defendant with certain wire doors and screens, all to be fitted by plaintiff in the house of defendant by April 1, 1904. Payment was to be made "on satisfactory completion of the work." It is claimed by the plaintiff that the contract was completed by it in the time named, with the exception of certain door checks which had not been forwarded, and that thereafter it attempted to supply the door checks, but the defendant would not permit them to be fitted, demanding that all of the material supplied and installed by the plaintiff should be removed. The complaint contained several counts upon the contract and the common counts. Demurrers were interposed, and the cause was tried upon the common counts without a jury. Judgment was rendered for the defendant, and from such judgment this appeal was taken.

[Higgins Mfg. Co. v. Pearson.]

The satisfaction of the defendant with the work required by the contract as a condition precedent to payment related to the manner of the execution of the contract by the plaintiff, and not to his satisfaction with his own selection. In such case "the party cannot capriciously refuse to accept the work. He must be in good faith dissatisfied. He cannot avoid liability by merely alleging that he is dissatisfied. He is bound to be satisfied when he has no reason to be dissatisfied."—*Electric Lighting Co. of Mobile v. Elder,* 115 Ala. 153, 21 South. 938.

It is unnecessary to consider whether the defendant was satisfied with the work, for the reason that the weight of the testimony shows that the plaintiff did not perform its contract. It did not put in the door checks called "Laramie checks," by the time stated for the completion of the contract, and the defendant testified that he was told by the workmen, whom the plaintiff sent to install them, that they were not Laramie checks. This workman, according to plaintiff's testimony, "was a skilled workman, and had been for many years, in the matter of putting in fixtures and screens and doors such as were furnished by plaintiff." Again, the contract provided that the hardware should be bronzed, and also for bronze wire screens. One of the witnesses of the defendant, who had been for years in the hardware business, testified that he had cut some of the wires in the screens and found them to be steel or iron wires, and that they were merely "bronzed;" that bronze wire costs about five times as much as the "bronzed." He further testified that one of the doorknobs shown to him furnished by the plaintiff was "bronzed." The testimony offered by the plaintiff to show the quality of the articles furnished under the contract was that of the agent making the sale to the defendant, who is not shown to have had any other connection with the contract, and whose testimony was a mere general statement that the articles furnished conformed to the contract, and that of the secretary of the plaintiff company, who testified that he had charge of the office and clerical force of the

plaintiff, and the chief clerk in its screen department, whose duties, as testified by him, had nothing to do with the manufacture or purchase of the articles furnished by plaintiff. This testimony we think insufficient to overcome the positive testimony for the defendant as to the inferior quality of the articles furnished under the contract. As plaintiff failed to prove its performance of the contract, it cannot recover in an action thereon.

Nothing, however, is more common, when there has been no abandonment of the work without cause, than to permit a recovery upon an implied contract to pay the value of the labor and material furnished under a special contract, although it may not have amounted to performance; and this is always the rule when the defendant has accepted the work, either expressly or impliedly by its use and enjoyment.—*Davis v. Badders,* 95 Ala. 348, 10 South. 422. The doctrine, however, rests upon such acceptance. In this case, the inference of acceptance which might otherwise be made from use and enjoyment by the defendant, permitting recovery under the common counts, is negatived by the fact that the defendant repeatedly requested the plaintiff "to send and take the screens out." Plaintiff's contract was not merely to furnish the screens, but to fit them in the defendant's house. It was, therefore, plaintiff's duty to remove them, if not accepted; and the use thereof by the defendant necessarily consequent upon plaintiff's failure to remove them after rejection, and notice thereof could not constitute an acceptance. The defendant was not required to go to the expense of removing them to prevent acceptance. His notice to plaintiff to remove them was sufficient to prevent the inference of acceptance.

As the plaintiff was not entitled to recover it is unnecessary to specially consider other assignments of errors; for, if error, they were without injury.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.