(87 South. 364)

**KIRKLAND v. EFORD.   (4 Div. 894.)**

(Supreme Court of Alabama.   Dec. 2, 1920.)

**1. Animals      95(2)—Questions involving ownership and possession held properly refused, where neither was in issue.**

In detinue by the owner to recover a cow taken up by defendant and held for damages for trespass under Code 1907, § 5890, a question asked the defendant whether he had not gone into the justice court and undertaken to hold the cow, if pertinent as to plaintiff's ownership and defendant's possession, was properly rejected, because no such issues were in the case, plaintiff's ownership, except as affected by the stock law, being freely admitted by the defendant, whose possession was admitted by the plea of the general issue (Acts 1911, p. 33).

**2. Trial ⚖═49—Court was not bound to overrule a question because the offer of proof was of matter not responsive.**

Though plaintiff's statement of what he expected to prove by a question to defendant showed plaintiff expected an answer not responsive, the court was not bound to assume that the witness would so answer.

**3. Detinue ⚖═17—Questions, tending to show that defendant's wife took up plaintiff's cow under estray law in defendant's absence, held competent.**

In an owner's action in detinue against defendant, who had taken possession of cow under estray law (Code 1907, § 5890), questions asked the defendant, tending to show that he was away from home, and that his wife in his absence took up the cow, *held* competent without special plea.

**4. Trial ⚖═56—Rejecting question as to matter already in evidence held not error.**

In detinue for plaintiff's cow, taken up by defendant under estray law (Code 1907, § 5890), a question concerning difficulties between plaintiff and defendant on a prior occasion was properly overruled, where defendant had already stated that for a year or more a bad feeling had existed between them.

**5. Animals ⚖═50(4)—Owner relying on partition fence agreement does not violate stock law.**

In view of Code 1907, § 5889, giving an owner of premises within a stock law district a lien upon stock for damages caused if negligently or willfully permitted to go at large, and the criminal statute, section 7813, applying to those knowingly permitting stock to go upon the lands of another without such other's consent, a landowner, who in good faith relies upon a contract with coterminous owner that the latter shall maintain a portion of the fence, is not liable for trespass because of a defect in the other's fence.

**6. Trial ⚖═91—Motion to strike not proper, where objection not made at time.**

Where no objection was made when evidence was being elicited, denial of motion to strike the evidence is not error.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Animals ⊜⇒51—Evidence held admissible to show notice of taking up.**

In owner's action in detinue for recovery of cow taken up by defendant under the stock law (Code 1907, § 5890), a question asked a witness as to whether plaintiff had told him that defendant's wife had informed plaintiff that she had taken up the cow was admissible on the issue whether plaintiff had notice.

**8. Appeal and error ⊜⇒1073(7)—Animals ⊜⇒95(2)—Plaintiff appellant may not complain of error doing him no harm.**

In detinue for plaintiff's cow taken up by defendant under the estray law, in which plaintiff had given bond and was in possession of the animal, and the judgment was for defendant, the value of the animal and damages should have been assessed under Code 1907, § 3781, but plaintiff cannot complain of the omission because it did him no harm.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action in detinue by W. B. Kirkland against Tom Eford for the recovery of a cow. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The following are the assignments of error referred to in the opinion:

(1) The court erred in sustaining plaintiff's objection to the following questions propounded to the witness Eford: "I will ask you if you didn't go into court and undertake to hold that cow in justice court down there?"

(2) In overruling plaintiff's objection to the following question asked of Eford: "Your wife was there; it was your home; she was acting for you?"

(5) In sustaining defendant's objection to the following question to the witness Eford: "I will ask you if there was not an agreement between you and Kirkland with reference to this fence, and if Mr. Whitman was not half interested in the crops down there?"

(10) In failing to sustain defendant's objection to the following question to the witness Barfield: "Didn't Mr. Kirkland tell you last Monday morning in Dothan that Mrs. Eford did tell him that Monday morning that she had taken up that cow?"

R. C. Williams, of Dothan, for appellant.

Court erred in overruling plaintiff's objection to the question made the basis for the second assignment of error, as there was no special plea. 12 Ala. App. 655, 68 South. 555; section 5890, Code 1907. The court should have permitted the plaintiff to show an agreement between the parties with reference to the fence and keeping it up. Section 5890, Code 1907; 48 South. 812; 174 Ala. 170, 57 South. 46; 193 Ala. 443, 69 South. 117. Counsel discuss the other assignments of error, and cite the above authorities in support thereof.

Lee & Tompkins, of Dothan, for appellee.

The evidence and the record fully justified the finding of the jury. Sections 5890, 5889, Code 1907. Appellant cannot complain of the verdict. 29 Ala. 174; 38 Ala. 188; 98 Ala. 657, 13 South. 690; (Miss.) 48 South. 412; 174 Ala. 170, 57 South. 46.

SAYRE, J. Plaintiff (appellant) sued defendant in statutory detinue for one cow. The parties lived in a stock-law district, and defendant had taken up plaintiff's cow, proceeding, as he contended, according to the statute (Code, § 5890); but plaintiff, without awaiting procedure under the statute, forthwith brought this action. Questions of fact litigated were whether plaintiff had—to quote the statute—"knowingly, voluntarily, negligently, or willfully" permitted his cow to go at large upon the premises of defendant, and whether defendant had, within 24 hours after taking up the cow, personally notified the owner, his next-door neighbor.

[1, 2] The first assignment of error has no merit. Plaintiff's statement to the court as to what he expected the answer to be disclosed the fact that he expected an answer not responsive to the question on which the exception was reserved; but, of course, the court could not rule on the assumption that the witness would so answer. The statement of the brief is that the answer would have tended to show that defendant had taken up the cow and withheld her from her owner; but plaintiff's ownership—except as affected by defendant's proceeding under the stock law—was freely admitted by defendant, nor was it necessary to prove defendant's possession, for the plea of the general issue admitted that. Acts 1911, p. 33.

[3] As for any objection taken against the question, or series of questions, made the subject of the second assignment, it was competent for defendant to show, as the answer did tend to do, that he was away from home at the time when the cow was taken up, but that his wife in his absence, took up the cow on his premises for him. No special plea was necessary. Pinckard v. Bramlett, 165 Ala. 327, 51 South. 557.

[4] The question concerning what had passed between plaintiff and defendant on an occasion prior to the origin of the controversy about the cow could only have tended to discredit defendant by showing the state of his feeling toward plaintiff; but there was no error in overruling the question, for defendant had already stated as a witness that for a year or more there had been bad feeling between them, and to have gone into particulars, as the question proposed to do, would have unduly consumed the time of the court and distracted the jury's attention from the issue joined between the parties.

[5] Section 5889 of the Code of 1907 is not

a criminal statute. It gives the owner of premises within any stock-law distrìct a lien upon stock for any damage done to crops, shade or fruit trees, or ornamental shrubs, if the owner has knowingly, voluntarily, negligently, or willfully permitted his stock to go at large upon the premises of another, and provides a civil remedy. But if coterminous landowners enter into an agreement by which each of them undertakes to keep designated parts of a partition fence in repair, and one of them fails to perform his part of the agreement, whereby his neighbor's stock stray upon its premises, as plaintiff proposed to show was the case between himself and defendant, we apprehend. it cannot be justly said that the owner of the stock has either negligently or willfully permitted his stock to go at large upon the premises of his neighbor. It is suggested that parties may not by their agreements modify the criminal law, and it appears that the act of September 29, 1903—section 14, p. 437, Acts 1903—provided that "the owner, or any person having the control of any stock, who shall unlawfully permit such stock to go upon the lands of another, for each willful violation shall be guilty," etc., leaving "unlawful" to be defined, by reference to section 9 of the act, codified in section 5889 of the Code, as done "knowingly, voluntarily, negligently, or willfully." But in the Code, now of force, the criminal act is defined as "knowingly [to] permit such stock to go upon the lands of another within a stock-law district, without the consent of the owner of such lands." Code, § 7813. We think the landowner who in good faith relies upon a contract with his coterminous owner of the sort noted above does not violate the statute, and hence that defendant's suggestion affords no adequate answer to the argument for error on the fifth assignment. The trial court in some of its rulings on testimony did not give effect to this interpretation of the statute with result that reversible error was committed.

[6] There was no error in the court's overruling plaintiff's motion to exclude all that defendant had said on redirect examination about the cow getting out at times other than that on which she was taken up. Without deciding that this testimony was irrelevant, a sufficient answer to the error alleged is found in the fact that no objection appears to have been made when this evidence was being elicited. Plaintiff could not speculate.

[7] What plaintiff said to the witness Barfield in Dothan (tenth assignment) was relevant and competent as shedding light on one issue controverted between the parties, viz. it tended to show that he had notice according to the statute of the fact that defendant had taken up his cow.

[8] Verdict and judgment went for defendant. Plaintiff had given bond and was in possession of the animal in suit. The value of the animal and damages should have been assessed (Code, § 3781); but plaintiff cannot be heard to complain of the omission. It did him no harm.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.