(105 So. 909)

SHEEHAN et al. v. WILMOT. (4 Div. 225.)

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Denied Nov. 12, 1925.)

1. Evidence ⊂⊃168—Evidence as to contents of letter properly excluded, where letter itself was admitted.

In action to recover balance on account for several carloads of coal, refusing to admit evidence relative to contents of letter was proper, where letter itself was offered and admitted in evidence.

2. Trial ⊂⊃56 — Refusal to permit question which had practically been answered on cross-examination held proper.

In action to recover balance on account for several carloads of coal, refusal to allow defendants to ask plaintiff if he had not written defendants that he remembered that three cars were all that they could handle at one time was proper, where plaintiff on cross-examination practically answered same questions.

3. Sales ⊂⊃179(1)—Refusal to exclude from account two cars of coal shipped through mistake held proper.

In action to recover on account for several carloads of coal, refusal to exclude from account two cars shipped through mistake was proper, since it was admitted that defendants received and sold coal, and that they had not paid for it.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Evidence** ⊚ー155(5)—**After testimony by de-fendants as to portions of settlement conversation, it was proper to allow plaintiff to testify as to balance of conversation.**

In action to recover balance on account for several carloads of coal, where defendant had been allowed to testify as to certain parts of conversation relative to settlement, it was proper to allow plaintiff to introduce the rest of the conversation.

**5. Sales** ⊚ー358(1)—**Evidence as to whether defendants had to borrow money to pay freight on cars of coal shipped through mistake, and whether coal was exposed to weather, held inadmissible.**

In action to recover balance due on account for several carloads of coal, objections to testimony as to whether defendants had money or had to borrow it to pay freight on cars shipped through mistake, and as to whether coal was exposed to weather after it was unloaded, *held* properly sustained.

**6. Appeal and error** ⊚ー1056(1) — **Excluding evidence as to length of time it took to sell coal shipped by mistake was without injury, since it was sold before commencement of suit.**

In action to recover· balance due on account for several carloads of coal, excluding evidence as to how long it took defendants to dispose of coal shipped by mistake was without injury, since evidence showed that all the coal was sold before suit was commenced.

**7. Trial** ⊚ー56—**Testimony already in evidence and before jury properly excluded.**

In action to recover balance due on account for several carloads of coal, exclusion of testimony of defendants as to whether coal went down in price after their receiving cars shipped to them by mistake *held* proper, since testimony called for was already in evidence.

**8. Trial** ⊚ー139(1)—**Instruction, directing verdict for defendants if jury believed evidence, properly refused, where there was evidence showing plaintiff had right to recover.**

In action to recover balance due on account, instruction that, if jury believe evidence, it cannot find for plaintiff on account sued on, was properly refused, as there was evidence tending to show that plaintiff had right to recover.

**9. Trial** ⊚ー219—**Instruction failing to define satisfactory arrangements to be made for coal shipped by mistake held properly refused.**

In action to recover balance due on account for several carloads of coal, instruction that, if jury believed that plaintiff shipped coal which was not ordered, and advised defendant that they would arrange satisfactorily with them, then plaintiff could not recover, unless it had been arranged satisfactorily, *held* improper as failing to define satisfactory arrangements.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action in assumpsit by W. E. Wilmot against F. M. Sheehan and another, doing business under the firm name of Sheehan & Linch. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Defendants' requested charge 2, to which charges 1, 3, 4, 5, A, B, and C are similar, is as follows:

"(2) If the jury is reasonably satisfied from the evidence that plaintiff's shipped three cars of coal to defendants, which were not ordered by them, and that plaintiff, in order to induce defendants to handle said coal, advised them, 'we will arrange satisfactorily with you,' and the defendants, relying upon said statement, received and unloaded said cars, and handled same, then the plaintiff cannot recover, unless it has arranged satisfactorily with defendants as promised."

Charge 6 is as follows:

"(6) If the jury believe the evidence, you cannot find for the plaintiff on the account sued on."

O. S. Lewis, of Dothan, for appellants.

Evidence of an offer of settlement made by defendant, which, if made, was an effort to compromise a dispute, is inadmissible. Globe Tailoring Co. v. Seibold, 9 Ala. App. 143, 62 So. 384; Hughes v. Daniel, 187 Ala. 41, 65 So. 518; Sandlin v. Kennedy Co., 165 Ala. 577, 51 So. 622. Charges requested by defendants, that plaintiff could not recover unless he had made a satisfactory arrangement with defendants, should have been given. Jones v. Lanier, 198 Ala. 363, 73 So. 535. Counsel discusses other questions, but without citing additional authorities.

Espy & Hill, of Dothan, for appellee.

Objection to questions asking the contents of a letter was properly sustained, the letter itself being the best evidence. Soloman v. Rogers, 210 Ala. 423, 98 So. 370; Am. Ry. Ex. Co. v. Stanley, 207 Ala. 380, 92 So. 642. Where one party brings out a part of a conversation, the other party may bring out the entire conversation. Pittman v. Pittman, 124 Ala. 306, 27 So. 242; Ray v. State, 147 Ala. 5, 41 So. 519; L. & N. v. Malone, 109 Ala. 509, 20 So. 33. Charges requested by defendants were incorrect and properly refused. Elec. L. Co. v. Elder, 115 Ala. 138, 21 So. 983; Higgins v. Pearson, 146 Ala. 528, 40 So. 579.

MILLER, J. This is a suit by W. E. Wilmot, doing business under the name of Wilmot Coal Company, against Fred M. Sheehan and J. H. Linch, partners doing business under the firm name of Sheehan & Linch, for $218.83, with interest due by account for several carloads of coal sold by plaintiff to the defendants on divers dates, and an itemized

---

⊚ーFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

statement of the account as to debits and credits is attached to and made a part of the complaint.

The defendant pleaded general issue and two pleas in the nature of recoupment and set-off. The jury returned a verdict in favor of the plaintiff for $100, and from a judgment thereon by the court this appeal is prosecuted by the defendants.

The debits of the account amounted to $2,-608.96 and the credits to $2,408.68, leaving a balance due plaintiff by defendants of $200.-28, with interest from December 10, 1921. The controversy is over either two or three cars shipped by mistake by plaintiff to the defendants. The plaintiff claimed two, and defendants claimed three cars of coal were shipped by plaintiff to the defendant by mistake. These cars were received by the defendants, and were included in the debit side of the account. The plaintiff, witness for himself, testified the account as to the debits and credits was correct; as above shown.

[1] The defendants on cross-examination asked plaintiff various questions in different forms, in substance as follows:

"Did you not write defendants a letter asking them to take that coal [the two or three cars shipped to them by mistake], and that you would make it satisfactory with them?"

The court sustained objections of the plaintiff to these questions, and the defendants cannot justly complain at these rulings. The letter was the best evidence; it was in court, in their control at the time; the plaintiff admitted writing it; and the defendants afterwards offered it; and it was admitted in evidence by the court. Solomon v. Rogers, 210 Ala. 423, headnote 14, 98 So. 370; Am. Ry. Exp. v. Stanley, 207 Ala. 380, headnote 3, 92 So. 642. The letter was written on November 15, 1921, and that part of it pertinent reads as follows:

"Then, as stated in our letter to you of yesterday, the mines had shipped you another car, due to the fact that in our anxiety to get your coal started and to you before the threatened R. R. strike of Oct. 30th we wired the office and also the mines, urging them to ship your coal just as quickly as possible, and they construed both wires as separate orders for two cars each. It did not occur to us that they would make this mistake, or we would have wired them not to ship but two cars. However, you are the winner, for we know that you will need the coal, and, as it is, you get it at October prices, which are 25 cents per ton cheaper than it is now. We regret that the mistake was made, for it is not our intention to overload our customers at any time, but we are glad that you get the benefit of the cheaper prices. Please take care of it, and we will arrange satisfactorily with you."

The defendants on December 11, 1921, wrote the plaintiff a letter, which defendants introduced in evidence. That part of the letter applicable to the issue reads as follows:

"We are inclosing you check for four hundred dollars, for which you will please give us credit for on our account; we were very much in hopes to be able to pay in full, and would have been able to have done so, but the weather has been so mild in this section until we have not been able to sell any coal to amount to anything; in fact we have been able to sell a very small quantity of the last five cars that we received, but of course we will sell it from time to time whenever the weather turns cold, and we will remit along as we sell it until we pay up."

The last five cars mentioned in this letter include the two or three cars in controversy shipped by mistake and received by the defendants. One defendant testified that plaintiff sent defendants a telegram in regard to the cars of coal shipped by mistake, which stated:

"By all means to arrange to unload that coal and that he would guarantee us against loss; that the demurrage and reshipment charges would be enormous."

He stated the telegram was lost, and the foregoing was his recollection of its contents. The plaintiff testified he received no telegram from, and sent no telegram to, the defendants in regard to these cars of coal.

[2] The defendants were not allowed by the court to ask the plaintiff if the only month in which he shipped out more than three cars was in July and in November, and if he did not write defendants:

"We remember that you said in one of your former letters that three cars was [were] all that you could handle at one time."

The questions called for no evidence material to the issue; and the plaintiff on cross-examination by defendants had practically answered these questions. He had then already testified on cross-examination as follows:

"I shipped them two cars of coal they did not order. I did not ship two at one time and one at another. I did not have instructions not to ship them over three cars of coal per month; that they could not use over that many cars of domestic coal per month. If they wrote me they could not use over three cars of coal per month, I have no recollection of it."

[3] The court refused motion of defendants to exclude from the account the two cars of coal which were shipped through mistake to the defendants. In this there was no error. They were shipped by mistake, which was admitted, and the evidence tended to show that defendants received, kept, and sold the coal, and that they had not paid for it.

[4] The defendants in their own behalf on direct examination testified that plaintiff came to see them at Dothan to get a full and final settlement of this coal account. Each narrated the conversation between them. They stated to him:

"We expected him to carry out the agreement to take care of the loss we had sustained."

They stated plaintiff replied:

"He was willing to take care of it up to 25 cents per ton; * * * that he got as broker 25 cents per ton, and he was willing to give us credit for 25 cents per ton."

The defendant stated they declined this offer in the conversation. The court properly permitted the plaintiff to testify that in this same conversation he offered to credit the account with 25 cents per ton, which would be about $35, leaving a balance due him of $165, "rather than go into litigation," which defendants declined; and that one defendant Linch stated in this conversation he was unwilling to pay plaintiff anything; and the other defendant stated in the same conversation "that he would give me $100 rather than have a lawsuit," which plaintiff declined. The defendants introduced evidence as to this conversation. They brought out and proved what plaintiff stated and was willing to take to get the controversy settled, and the plaintiff was entitled to bring out the rest of the conversation. That part of the conversation beneficial to them was brought out and introduced by the defendants, and they cannot justly complain at the court's action in permitting plaintiff to prove what was said and offered by defendants in the same conversation, which would benefit the plaintiff. The defendants introduced a part of the conversation between the parties, and the court properly permitted plaintiff to give to the jury the whole conversation. Pittman v. Pittman, 124 Ala. 306, 27 So. 242; Ray v. State, 147 Ala. 5, 41 So. 519; L. & N. R. R. Co. v. Malone, 109 Ala. 509, headnote 7, 20 So. 33; Maddox v. State, 159 Ala. 53, 48 So. 689; Lanier v. Branch Bank, 18 Ala. 625, headnote 4.

[5-7] It was immaterial to the issues whether defendants had the money or had to borrow it to pay the freight on these cars, or where or when they unloaded the cars, and where they placed the coal, or whether the coal after it was unloaded, was exposed to the weather, or from where the cars containing the coal were shipped. The court properly sustained objections of plaintiff to questions of defendants to witnesses calling for this testimony, as it shed no light on the issues between the parties. If the court erred, which we do not decide or intend to intimate that it did, in sustaining objections of plaintiffs to questions propounded by the defendants to their witnesses as to how long it took them to dispose of the ordered coal on hand when they received these extra cars, not ordered, and how much they were able to sell in due course of business until February 10, 1922, it was without injury to the defendants. The entire evidence clearly indicates all of the coal ordered and the coal in the two or three cars in controversy was sold and disposed of by the defendants before this suit was commenced. The defendants asked one or the other of the defendants on direct examination these questions:

"Mr. Sheehan, I will ask you if coal went down in price between the time you unloaded that coal and February 10, 1922, when you commenced to sell the coal for the first time?"

"What loss did Sheehan and Linch sustain on the three cars of coal that they took from the Wilmot Coal Company, which they did not order and which they accepted at the instance of the Wilmot Coal Company on their promise that they would make satisfactory to you?"

"How many tons of that three cars of coal turned out to be steam or fine coal before you were able to dispose of it?"

If in these rulings the court erred, it was without injury to the defendants. The defendants were permitted by the court to testify that one of these cars contained 37 tons and the others ranged from 50 to 55 tons. Linch, a defendant, testifying for himself, stated:

"There were about 150 tons in the three cars. Coal went down from November to the time we commenced selling this three cars of coal $1.25 to $1.50 per ton."

Letters were introduced written by defendants to plaintiff showing:

"In this three cars there were about 25 tons of slack, and we lost from $2.50 to $2 a ton on the three cars, and we feel that you ought to share part of this loss, at least, if not all of it, but we would be willing to take half of it (that is the loss)."

The testimony called for by these questions, whether relevant or irrelevant, was in evidence and before the jury.

[8] There was evidence tending to show plaintiff had the right to recover, if it was believed by the jury, and the court did not err in refusing to give charge numbered 6, requested in writing by the defendants. McMillan v. Aiken, 205 Ala. 35, headnote 9, 11, 88 So. 135.

[9] The defendants asked, and the court refused to give, written charges numbered 1, 2, 3, 4, and 5, and lettered A, B, and C. The court was justified in refusing each of these charges for these and probably other reasons, because each fails to define the meaning of the words "we will arrange satisfactorily with you" as used by plaintiff in his letter to the defendants. The charges left it for the jury to define and decide their meaning. The charges improperly permitted the jury to render a verdict in favor of the defendants, if the defendants were not bona fide dissatisfied, but were capriciously or mercenarily or designedly dissatisfied. Elec. L. Co. v. Elder Bros., 115 Ala. 133, 21 So. 983; Higgins v. Pearson, 146 Ala. 528, 40 So. 579; Jones v. Lanier, 198 Ala. 363, 73 So. 535.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.