142 So. 524

**WHITE v. WHITE.**

6 Div. 152.

Supreme Court of Alabama.

June 9, 1932.

156

R. C. Price, of Tuscaloosa, and Locke &amp;
Moore, of Centerville, for appellant.

H. A. &amp; D. K. Jones, of Tuscaloosa, for
appellee.

KNIGHT, J.

From the bill in this cause it is made to
appear that Ples (sic.) White, late an inhabi-
tant of Tuscaloosa county, died on or about
the 1st day of February, 1930, intestate, and
seized and possessed of an estate in value
upward of $50,000.  With the exception of a
homestead, which, after the death of said
White, had been set aside as exempt to the
widow, the estate consisted wholly of per-
sonal property—money, stocks, bonds, and
notes and mortgages.  The deceased left sur-
viving him no children, nor any descendants
of any predeceased child, unless the com-
plainant is held to be a child by a common-
law marriage between the said Ples (sic.)
White and one Della Lou Sanders.  The re-
spondent is the admitted widow of the dece-
dent, and will take his entire estate unless
the complainant is a legitimate child.  The
respondent is the administratrix of the estate
of Ples White, by appointment of the probate
court of Tuscaloosa county, in which court
the administration was pending at the time
of the filing of the bill in this cause.

Complainant, William Henry White, filed

this bill, setting up that he is a son of Ples White, deceased, by a former marriage between the said Ples White and Della Lou Sanders. It appears· that complainant's mother died in the year 1907, and that complainant, at the time of the death of his mother, was about four years of age. It is also made to appear that the respondent, Bessie White, and the said Ples White intermarried in Bibb county, Ala., on November 2, 1929.

The bill prays: (1) That the administration of the estate of Ples White, deceased, be removed from the probate court to the circuit court, in equity; (2) that the respondent, Bessie White, be required to furnish sufficient bond to protect the estate in the administration thereof by her, and to require her, as such administratrix, to file in said court a full and complete inventory of the assets of the estate; and (3) "and complainant further prays that your honor will ascertain and determine the rights of complainant as next of kin and heir at law of the said Ples White, deceased, and that your honor will make such orders and render such decrees as may be meet and proper in the premises"; and for general relief. The real purpose of the bill is to have the court to ascertain and adjudge that the marriage of the said Ples White and Della Lou Sanders was valid, and that the complainant was and is a legitimate son of said Ples White by the said Della Lou Sanders, and therefore an heir at law of said decedent.

Upon the filing of this bill, the court made and entered thereon an order removing the administration of said estate from the probate court of Tuscaloosa county to the circuit court.

On final submission of the cause, the court held that the complainant was not a legitimate son, or lawful heir, of Ples White, deceased, and was not entitled to the relief prayed for, and was not entitled to ·share in the distribution of the estate of the said decedent; and dismissed complainant's bill of complaint. From this decree, the complainant prosecutes the present appeal.

While numerous errors (371) are assigned upon the record, only the one presenting the propriety of the decree adjudging that complainant is not a legitimate son, and heir at law, of said Ples White need be considered.

Confessedly, if complainant is the son of Ples White, by Della Lou Sanders, he is such son by a common-law marriage, for there is not one scintilla of evidence in the record, which tends in the slightest degree to show that there ever was a ceremonial marriage solemnized between them. What formalities are required to constitute a common-law marriage have had the attention of this court in many adjudged cases found in our published volumes. No particular words are necessary. To constitute such a marriage it is only necessary that there should be a mutual consent between the parties to be husband and wife, *followed by cohabitation and living together as man and wife*, and upon the establishment of such relation there is a lawful marriage, in this state, without regard to what the parties consider the legal effect of such relation to be. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Herd v. Herd, 194 Ala. 613, 69 So. 885, L. R. A. 1916B, 1243; Farley v. Farley, 94 Ala. 501, 10 So. 646, 33 Am. St. Rep. 141; Beggs v. State, 55 Ala. 108.

And the necessary requisites of a valid common-law marriage is thus stated in 26 Cyc. pages 836, 837: "To constitute a marriage good and valid at common-law—that is, in the absence of a statute otherwise specifically providing—it is not necessary that it should be solemnized in any particular form or with any particular rite or ceremony. All that is required is that there be an actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract, consummated by their cohabitation as man and wife or their mutual assumption openly of marital duties and obligations." This pronouncement received the direct approval of this court in the case of White v. Hill, 176 Ala. 480, 58 So. 444.

The chancellor who heard this case, in an elaborate opinion, which is in the record, has this, among other things, to say: "No ceremonial or formal marriage between Ples White and Della Sanders was shown by any competent testimony, and all of the testimony taken together disproves rather than proves a ceremonial or formal marriage, and it results that complainant's claim depends upon an alleged common-law marriage between said parties."

The record is voluminous. The complainant called and examined thirteen witnesses, and the respondent examined thirty-seven witnesses. Much of the testimony is in direct conflict.

The chancellor, after a consideration of all the competent and legal testimony in the cause, and after considering only the legal evidence as stated by him, reached the conclusion that the complainant was not the legitimate son of Ples White, deceased, and dismissed the bill. We have, also, here carefully read and considered all the evidence in the case, and the conclusion is inescapable that the chancellor has reached a proper decision in the case. We are disposed to think that the complainant is the natural child of Ples White, deceased; but we are of the opinion that he was not the product of a common-law marriage between the said Ples White and Della Lou Sanders, but is the

product of an illicit relation and intercourse between said parties.

As above stated, there is not one vestige of evidence to show a ceremonial marriage, and the testimony relied upon by complainant to show a common-law marriage is not only unsatisfactory, but is overcome by the testimony of many disinterested witnesses who had had a long and intimate acquaintance with the two parties.

It appears without dispute, also, that the said Ples White broke off relations with the said Della Lou Sanders in 1905, and in October (or about that month), 1906, she married a man by the name of Lee. From the time of the breaking of relations with Ples White to the time she married Lee, Della Lou Sanders continued to reside with her parents in Bibb county. The chancery records of Bibb county show no divorce from Ples White. Likewise, the chancery records of Tuscaloosa and Montgomery counties—the only other counties where it is claimed the parties ever resided for any length of time—show no divorce was granted the parties. In the family Bible, delivered over to the parties by the mother of Della Lou Sanders, we find *no mention of the marriage* of this girl to said Ples White, but the marriage of Della Lou Sanders to Lee is duly recorded therein. And under children's names, recorded in this same family Bible, along with the children of Della Lou Sanders' mother, we find the name of William Henry, the complainant. It is inconceivable that the parent of Della Lou would have noted the ceremonial marriage of her daughter to Lee, when there was a public record of such a marriage, and not have recorded the common-law marriage of their said-daughter to Ples White, if there was such a marriage. The necessity for such a recordation in the latter case was far greater than in the former, and it would seem that any rational mind would so understand the situation, especially as there was an offspring of the alleged common-law marriage.

This court has heretofore held that the presumption of an actual marriage from the fact of cohabitation, etc., is rebutted by the fact of a subsequent permanent separation, without apparent cause, and the actual marriage soon after of one of the parties. Weatherford v. Weatherford, 20 Ala. 548, 56 Am. Dec. 206; Moore v. Heineke, 119 Ala. 627, 24 So. 374.

All the testimony given, and noted in this case, with the exception of three depositions, was given ore tenus, in open court, before the chancellor.

Many assignments of error relate to the introduction of evidence and motion to exclude same. Under section 6565 of the Code, in equity cases, it is not required or necessary that objection be made to any testimony, which may be offered by either party, and on appeal this court shall only consider the testimony which is relevant, material, and competent, and this court is not required to point out or indicate what testimony, if any, should be excluded or not considered. Alabama Bank and Trust Co. v. Jones, 213 Ala. 398, 104 So. 785.

After a most careful consideration of the testimony in this cause, we find ourselves in full and complete accord with the decree of the chancellor, and his decree will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.