59 So.2d 671

### JENKINS v. AVERY et al.
### 6 Div. 327.

Supreme Court of Alabama.
June 19, 1952.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Drennen & Drennen, Birmingham, for appellees.

SIMPSON, Justice.

This is a statutory bill to quiet title to real estate situated in Birmingham, Alabama, by the appellees, brothers and sisters of Gus Spratling, who recently died intestate, against appellant, Lesterine Holloway Jenkins. Lesterine claims title to the land as the legitimate daughter of Spratling by a common law marriage theretofore existing between Spratling and her mother, Maude Holloway. There is no warrantable inference from the evidence of any ceremonial marriage between this couple, so the real question, and determinative of the appeal, is whether appellant was the issue of a common law marriage between Gus and Maude.

■ The evidence was largely *ore tenus* before the court and the review, of course, is with the usual favorable presumption attending the decision below. The trial court resolved the question against appellant and, after a painstaking study of the record in the light of the governing authorities, we are in accord with that conclusion. While there may have been proof to dispose the judicial mind to the belief that Lesterine was Gus's daughter, the evidence was far from satisfactory in establishing that there was that solemnity of union and sanctity of cohabitation between her mother and her alleged father as husband and wife to lend the slightest credence to the view that there had been a common law marriage of the couple in contemplation of law.

■ . The law governing is well understood and has been restated in some of our recent cases. It is, there must be a mutual understanding to presently enter into the marriage relation, permanent and exclusive of all others, after which there is a public recognition of the existence of the common law marriage. Turner v. Turner, 251 Ala. 295 (3) , 37 So.2d 186; Murphy v. Jacobs, 249 Ala. 594, 32 So.2d 306; Campbell v. Rice, 245 Ala. 395, 17 So.2d 162; Gilbreath v. Lewis, 242 Ala. 510, 7 So.2d 485.

A brief recital of the facts will, we think, demonstrate the soundness of the conclusion

of the trial court. The principals were Negroes who lived on the Spratling plantation in Chambers County, Alabama. In 1916 or 1917 Gus had about reached adulthood and Maude was between fourteen and sixteen years of age. Maude is now dead, but her mother testified that about that era Gus and Maude left the farm one morning for Opelika to do some trading and did not return until the next day; that on their return Gus said they had gone into Georgia and been married by a preacher; that thereafter the couple lived together as husband and wife and on September 3, 1917, Maude gave birth to Lesterine. About the time of Lesterine's birth, or shortly before, Gus departed that country; just when is in dispute, but he first went to West Point, Georgia, working for the railroad and later to North Alabama and Birmingham where he lived until his death in February, 1950. Aside from the testimony of Maude's mother, Lesterine's grandmother, there is no satisfactory evidence of these parties having lived together as husband and wife during the years previous to Lesterine's birth or afterward. The record is also silent, except the testimony of Lesterine's grandmother, of any reputation of cohabitation as husband and wife to rise to the dignity of a common law marriage. Indeed, the evidence is to the contrary. Residents of the community, where Gus and Maude lived prior to the time of Lesterine's birth, testified with almost unanimity that they had never heard of any marriage of the couple or of their living together as husband and wife or that Gus ever held Maude out to be his wife.

The presumptions seem to be against the theory of a common law marriage. As entirely inconsistent with this fact and corroborative of the fact that there had never been any marriage of the couple, Gus left Chambers County shortly before or about the time of the birth of Lesterine, without apparent reason (if she was his *legitimate* daughter). Maude Holloway remained in Chambers County. A few years later Gus married one Dora Lyle in Birmingham, certifying in the application for marriage license that he had never theretofore been married. The court has

approved the principle that the presumption of an actual marriage from the facts of cohabitation etc., is rebutted by the fact of a subsequent, permanent separation without apparent cause and the actual marriage soon thereafter of one of the parties. White v. White, 225 Ala. 155, 142 So. 524.

■ Gus married Dora Lyle in a ceremonial marriage in 1923 and in 1928 Maude married one Bob Washington in a ceremonial marriage. The marriage license issued to Maude and Bob also showed that Maude had never before been married and carried her surname as Holloway. As against the claimed former relations of Gus and Maude so uncertainly proven, there is a presumption that both of these later ceremonial marriages were valid. Faggard v. Filipowich, 248 Ala. 182, 27 So.2d 10; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46, 48.

Another important circumstance to refute the fact of the common law marriage between Gus and Maude is that both Maude and Lesterine went by the name of Holloway. Maude was known as Maude Holloway, her marriage license when she married Washington so carrying it, and appellant was carried on the school records in the City of Birmingham as Lesterine Holloway, not Spratling.

■ These school records were identified by the custodian thereof and, of course, were properly admitted in evidence. Code 1940, Title 7, § 415; Wilson v. State, 243 Ala. 1(10), 8 So.2d 422; Code 1940, Title 52, §§ 306–310; Allford v. State, 31 Ala. App. 62, 12 So.2d 404; Love v. State, 23 Ala. App. 363, 125 So. 685.

■ There was likewise no error in permitting the custodian of these records to testify that an examination thereof failed to disclose the name of Lesterine Spratling as carried on them. Parol evidence of the absence of a record as disclosed by a proper search is the usual method of proving such fact. Reichert v. Jerome H. Sheip, Inc., 212 Ala. 300, 102 So. 440.

■ Appellant also argues for reversal in the ruling of the court in sustaining objection to the question propounded by her

counsel to her, "When he [Gus] carried you there [Birmingham] what did he say?" The import of this question was to elicit from Lesterine the fact that Gus had recognized her as his daughter. There was no prejudicial error to defendant in this ruling. The paternity of Lesterine was not the crucial question in the case, but her legitimacy as product of a marriage between her alleged father and her mother, Maude, which was not proven. It would have been merely cumulative, since many witnesses testified to this fact and it was within the court's discretion to allow or exclude it. 31 C.J.S. Evidence, § 166, p. 877; Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216; Kirkland v. Eford, 205 Ala. 72, 87 So. 364; Sheehan v. Wilmot, 213 Ala. 687, 105 So. 909.

It is further insisted that error to reverse prevailed in the ruling of the court in sustaining objection to the introduction in evidence of a letter claimed to have been sent to Lesterine by Gus Spratling in his last illness. The sole purpose of this letter, like the testimony last above mentioned sought to be elicited from Lesterine, was to show that Gus recognized her as his daughter. As stated, this was an incidental issue in the case and there was sufficient proof otherwise to satisfactorily establish this fact. The cumulative effect of this evidence would have had but slight bearing on the crucial issue. If not otherwise inadmissible, there was no abuse of discretion in disallowing it. Authorities, *ubi supra*.

The final insistence is that the court committed reversible error in excluding a telegram sent by Rosa Lee Avery to appellant announcing, "The funeral of Gus Spratling will be Sunday 2 P.M." We are unable to appraise the worth of this evidence as having the slightest tendency to establish that there was a common law marriage between Maude and Gus. If this evidence was supposed to have been relevent as indicating a recognition by one of Gus's family of some intimate connection between Lesterine and Gus, it could have been disallowed under the principle last above adverted to as merely cumulative of the proven fact that doubtless she was recognized as Gus's daughter. But that did not make her mother Gus's wife.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.