JONES, Justice.
Yancey 0. Mills died intestate on October 23, 1980. On November 5, 1980, Ronnie B. Mills, his widow, petitioned the probate court for appointment as administratrix of his estate. Her petition was thereafter granted.
On May 6, 1981, the administration proceedings were removed to circuit court, whereupon appellees Jo Ann Bose and Brenda Kay Mills Livingston sought to claim a pro rata share of the estate with Ronnie B. Mills. The crux of appellees’ contentions was that they were the natural and legitimate child and grandchild respectively of Yancey 0. Mills, by an earlier common law marriage between Yancey and Minnie Lee Phifer (“Mamie”).
The trial court, after hearing the evidence ore tenus, found that appellees were the legitimate and natural child and grandchild of Yancey 0. Mills, and were entitled to their allocable share of the estate.
Appellant’s motion for modification of the judgment and/or a new trial was denied. This appeal followed.
We affirm.
FACTS
Yancey 0. Mills and Ronnie B. Mills were formally married on September 9, 1944, in Reno, Nevada, and cohabitated together as man and wife until Yancey’s death on October 23, 1980.
Prior to Yancey’s relationship with Ronnie B. Mills, he fathered three (3) children by Minnie Lee Phifer (“Mamie”): (1) appel-lee Jo Ann Mills Bose; (2) Bobby Gene Mills; and (3) Billy Wayne Mills. Billy Wayne Mills, now deceased, had one child, appellee Brenda Kay Mills Livingston.
According to information listed on the birth certificates of Jo Ann Mills Bose and Billy Wayne Mills, and presented to the trial court, Yancey Mills and Minnie Phifer were the married parents of Jo Ann and Billy Wayne Mills.
Despite appellant’s vigorous protestations to the contrary, the evidence of record clearly reveals: (1) Yancey and Mamie lived together as man and wife for an unspecified time; (2) they were living together when at least two of their three children were born; (3) Yancey referred to Mamie as his “wife” on several occasions; (4) the general reputation in their community was that Yancey and Mamie were married; (5) Yancey publicly acknowledged Jo Ann Mills Bose and Billy Wayne Mills as his children; and (6) it was generally recognized in the community that Jo Ann Mills Bose and Billy Wayne Mills were Yancey’s children.
DECISION
The primary issue for determination is whether the trial court’s finding of the existence of a valid common law marriage between Yancey 0. Mills and Minnie Lee Phifer (“Mamie”) was supported by the evidence adduced ore tenus. We hold that it is.
In Skipworth v. Skipworth, 360 So.2d 975 (Ala.1978), this Court stated:
“The requirements in this state for a valid common-law marriage have been outlined numerous times by this court. No ceremony and no particular words are necessary. Instead, there must first have been a present agreement, that is, a mutual understanding to enter at that time into the marriage relationship, permanent and exclusive of all others. This agreement must be followed by public recognition of the existence of the ‘marriage’ and cohabitation or mutual assumption openly of marital duties and obligations. See Beck v. Beck, 286 Ala. 692, 697-98, 246 So.2d 420, 425-26 (1971) and cases cited therein.
[[Image here]]
“This court has further noted that a lawful common-law marriage is formed in this state ‘without regard to what the parties consider the legal effect of such relation to be.’ Smith v. Smith, 247 Ala. *1266 213, 217, 23 So.2d 605, 609 (1945); White v. White, 225 Ala. 155, 157, 142 So. 524, 525 (1932). Common-law marriage is not limited to situations where the parties are so ignorant that they do not know that a formal ceremony is the preferred method of marrying. On the contrary, in modern society many individuals realize that common-law marriages have inherent legal problems not found in ceremonial marriages. Such a realization may prompt expressions of concern over the parties’ legal status as well as attempts to eliminate any problems by undergoing a ceremonial marriage. But any evidence of this sort must be examined by the fact-finder in the context of the entire relationship, as was done by the trial court in this case.”
360 So.2d at 976-977.
As is often stated, the trial judge’s finding based on ore tenus evidence is accorded a presumption of correctness on appeal and will not be disturbed unless the decree is unsupported by any credible evidence or is palpably wrong and manifestly unjust. Lavett v. Lavett, 414 So.2d 907 (Ala.1982); King v. King, 269 Ala. 468, 471, 114 So.2d 145, 148 (1959).
Here, there was ample evidence of present agreement, cohabitation, and public recognition to show the existence of a common-law marriage between Yancey 0. Mills and Minnie Lee Phifer.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.